J-S49029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENT NORRIS OWENS, | |
| Appellant | No. 260 MDA 2015 |

Appeal from the PCRA Order entered January 12, 2015,
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0006404-2009

BEFORE:  BENDER, P.J.E., ALLEN, and OLSON, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 19, 2015**

Kent Norris Owens ("Appellant") appeals from the order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm.

We previously summarized the pertinent facts as follows:

> On June 2, 2009, at approximately 4:30 p.m., Officer Jeremy Fultz of the York County Police Department received a call for a burglary in progress on South Penn Street in York City.  When he arrived at the scene with Officer Daniel Craven, Officer Fultz stayed at the front entrance of 47 South Penn Street and Officer Craven went to the back.  Appellant exited the front entrance, shooting at Officer Fultz.  The officer returned fire, and Appellant retreated into the residence, fleeing via the back of the building through a broken rear window.  Appellant and another male, Steven Stokes, were taken into custody with lacerations on their hands.
>
> That same day, a criminal complaint was filed, charging Appellant, *inter alia*, with [aggravated assault, recklessly

endangering another person, and assault of a law enforcement officer].

***

At trial, Officer Fultz testified that, when he arrived at the scene, he witnessed a figure in a black hooded sweatshirt lean out of the doorway and look directly at him at the same time as he was announcing himself as the police. (*See* N.T. Trial, 9/07/10, at 81-82). Officer Fultz further testified that he would never forget what happened next and that it was "something that's burned into my mind." (*Id.* at 84). The most distinguishing feature on the face of the man who shot at him was the chinstrap beard that he saw as the flash from the gun went off, illuminating his face from below like a flashlight. (*Id.* at 84, 87-88). In fact, before Appellant was apprehended, the officer radioed that the shooter was a "black male in a hoodie with a chin-strapped beard, tall . . . ." (*Id.* at 154). Afterwards, he positively identified Appellant when Appellant was being treated by emergency medical personnel at the scene. (*Id.* at 98).

John E. Evans, of the Pennsylvania State Police Crime Lab, testified that although he did not find gunshot residue on Appellant's hands, there is no guarantee that you will find gunshot residue on the hands of a person who fires a gun. (*See* N.T. Trial, 9/08/10, at 260).

On September 9, 2010, the jury found Appellant guilty of the aforementioned crimes. On October 22, 2010, the [trial] court sentenced Appellant to [an aggregate term of] no less than twenty nor more than forty years' imprisonment[.]

*Commonwealth v. Owens*, 47 A.3d 1239 (Pa. Super. 2012), unpublished memorandum at 1-3.

Appellant filed a timely appeal to this Court. On March 9, 2012, we affirmed Appellant's judgment of sentence. *Owens*, *supra*. Subsequently, we denied Appellant's petition for reargument. On November 14, 2012, our

Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Owens***, 57 A.3d 69 (Pa. 2012).

On August 28, 2013, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and on May 30, 2014, PCRA counsel filed an amended petition. On December 18, 2014, the PCRA Court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Appellant did not file a response. By order entered January 12, 2015, the PCRA court denied Appellant's PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

In his sole issue raised on appeal, Appellant claims that the PCRA court erred in dismissing his PCRA petition without first holding an evidentiary hearing. ***See*** Appellant's Brief at 4. More specifically, Appellant asserts that he has raised factual issues involving whether his trial counsel represented him despite the existence of a conflict of interest, and whether counsel was ineffective for failing to obtain a gunshot residue test on his clothing.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a

hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Johnson*, 966 A.2d at 532. This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel will not be deemed ineffective if any reasonable basis exists

for counsel's actions. ***Commonwealth v. Douglas***, 645 A.2d 226, 231 (Pa. 1994). Even if counsel had no reasonable basis for the course of conduct pursued, an appellant is not entitled to relief if he fails to demonstrate the requisite prejudice which is necessary under Pennsylvania's ineffectiveness standard. ***Douglas***, 645 A.2d at 232. Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

In his first issue, Appellant asserts that trial counsel previously had prosecuted him in 2004, when counsel was employed as an assistant district attorney. Appellant's Brief at 8. According to Appellant, this allegation raises a factual issue of whether trial counsel represented him despite a conflict of interest. Appellant further asserts, "if trial counsel's prior prosecutions affected his ability to represent Appellant, then his representation was not effective." ***Id***. at 9.

The PCRA court found that Appellant failed to raise a factual issue regarding this claim:

> While it is true that Trial Counsel . . . was a prosecutor in the York County District Attorney's Office when [Appellant] pled guilty in June 2004 in two cases that were consolidated [], the Court has reviewed the conflict of interest rules in the Rules of Professional [C]onduct, and did not find that any of those rules are applicable in this case, or that indicate there is a conflict in this case. (***See*** Rules of Professional Conduct 1.7 – 1.12). Moreover, [Appellant] has not cited to any legal authority to support his contention. As this claim does not have arguable merit, it fails to meet the first prong of the ineffectiveness standard. Given the foregoing, there are no genuine

> issues of material fact, [Appellant] is not entitled to post-conviction relief, and no purpose would be served by any further proceedings.

PCRA Court Opinion, 4/7/15, 2-3.

Our review of the record supports the PCRA court's conclusions. "[T]o establish a conflict of interest, an appellant must show that counsel actively represented conflicting interests[,] and the actual conflict adversely affected counsel's performance." *Commonwealth v. Spotz*, 18 A.3d 244 (Pa. 2009) (citation omitted). Within his brief, Appellant fails to cite to any specific rule of professional conduct under which an alleged conflict may exist because a former assistant district attorney becomes a criminal defense attorney. Appellant cites to *Spotz*, *supra*, to support his request for an evidentiary hearing, however, such reliance is inapt. In *Spotz*, the PCRA petitioner asserted that his decision to waive representation and proceed *pro se* was involuntary for several reasons, including the fact that trial counsel's "prior representation of [one of the murder victims] constituted an undisclosed conflict of interest because counsel's duty of loyalty to his deceased client precluded counsel from pursuing viable avenues of defense" on his behalf. *Spotz*, 18 A.3d at 267.

In affirming the PCRA court's rejection of the petitioner's claim, our Supreme Court in *Spotz* acknowledged that counsel's prior representation of one of the murder victims "had terminated in 1990, well before [counsel] was appointed to represent" the petitioner. *Id.* at 268. Here, trial counsel represented Appellant in his 2010 trial—approximately six years after he

represented the Commonwealth in accepting Appellant's prior guilty pleas. As in ***Spotz***, Appellant's "allegations of conflict of interest are vague [and] entirely speculative[.]" Thus, Appellant's first issue fails.

In his second issue, Appellant asserts that trial counsel was ineffective for failing to obtain a gunshot residue test on his clothing. According to Appellant, "[t]he argument forwarded at trial was designed to counter the officer's identification of Appellant as the shooter. Obtaining evidence which would show Appellant was not the shooter would have been incredibly beneficial." Appellant's Brief at 6.

In rejecting Appellant's claim, the PCRA court explained:

> At trial, Trial Counsel called John E. Evans (who is employed by the Pennsylvania State Police Laboratory) to testify. (N.T., 9/8/10, page 248). Mr. Evans was offered by the defense as an "expert in the testing and analysis of gunshot residue." (N.T., 9/8/10, page 249). As noted by the Superior Court on appeal, while Mr. Evans testified that "although he did not find gunshot residue on [Appellant's] hands, there is no guarantee that you will find gunshot residue on the hands of a person who fires a gun." (Superior Court Memorandum, 3/9/12, page 3). Moreover, Mr. Evans testified that his lab did not receive any clothing for testing, and that their lab, in fact, does not have the ability to test clothing for gunshot residue." (N.T., 9/8/10, pages 253-254). Mr. Evans testified that if someone fired a gun, it would be possible that gunshot residue could be on their clothing. (N.T., page 254). However, he also testified that there are several ways of removing gunshot residue from material, one of which is to rub it off, and another is that a breeze may remove it. (N.T., 9/8/10, page 260). Hence, even if [Appellant's] clothing had been tested, and even if there had been no gunshot residue found on his clothing, it would not have made a difference in the outcome of the case, given the [o]fficer's identification of [Appellant] as the shooter. As a result,

this contention fails to meet the third prong of the ineffectiveness standard as there was no prejudice to [Appellant]. Given the foregoing, there are no genuine issues of material fact, [Appellant] is not entitled to post-conviction relief, and no purpose would be served by any further proceedings.

PCRA Court Opinion, 4/7/15, at 4-5.

Our review of the record supports the PCRA court's conclusion that Appellant's ineffectiveness claim fails because he cannot establish the requisite prejudice. *Travaglia*, *supra*. Indeed, Appellant once again bases his ineffectiveness claim on no more than speculation. "It is easy to say that failing to pursue exculpatory evidence is ineffectiveness, but this presumes the evidence will indeed be exculpatory." *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006). Appellant proffers no evidence to support his claim that no gunshot residue would be found on his sweatshirt. Moreover, as stated by the PCRA court, even if testing of Appellant's clothing would show no gunshot residue, Appellant's own expert testified at trial about why this fact would have little to no significance. Thus, Appellant's second ineffectiveness claim fails.

In sum, because the PCRA court correctly concluded that Appellant's ineffectiveness claims did not warrant an evidentiary hearing, we affirm the order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2015