J. S64014/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                           :          PENNSYLVANIA
                v.            :
                           :
JUAN JAVIER RIVERA-RIVERA,     :      No. 1030 MDA 2015
                           :
          Appellant     :

Appeal from the PCRA Order, May 27, 2015,
in the Court of Common Pleas of Lebanon County
Criminal Division at No. CP-38-CR-0000162-2013

BEFORE: FORD ELLIOTT, P.J.E., WECHT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED NOVEMBER 06, 2015**

Juan Javier Rivera-Rivera appeals from the order of May 27, 2015, denying his first petition for post-conviction collateral relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court, the Honorable Robert J. Eby, S.J., has aptly summarized the history of this matter as follows:

> On February 26, 2013, the Commonwealth filed a Criminal Information charging [appellant] with five violations of the [Drug Act], along with five conspiracy counts relating to those violations. Criminal Informations emanating from the same investigation were filed contemporaneously against [appellant]'s co-conspirators, Jose Rivera-Rivera and Adelaida Gaston-Vasquez. The charges stemmed from an investigation conducted by members of the Lebanon County Drug Task Force, who observed [appellant] selling heroin out of a vehicle parked at

---

* Former Justice specially assigned to the Superior Court.

the rear of 1406 Willow Street, Lebanon, a residence associated with Jose Rivera-Rivera, [appellant]'s brother, and Jose's wife, Adelaida Gaston-Vasquez. Subsequent searches of the vehicle, the residence at 1406 Willow Street, customers seen making purchases from [appellant], and [appellant] himself uncovered various amounts of identically packaged heroin.

Jose Rivera-Rivera pled guilty to all charges against him on August 29, 2013, while [appellant], along with Adelaida Gaston-Vasquez, proceeded to a joint jury trial on December 3, 2013, where [appellant] was represented by then First Assistant Public Defender, Kimberly Adams. At the conclusion of that trial, the jury found [appellant] guilty of all charges except for Count III, Possession with Intent to Distribute [("PWID")] the heroin found inside 1406 Willow Street. On January 15, 2014, this Court sentenced [appellant] to an aggregate term of imprisonment of 4-10 years.

[Appellant] filed a **_pro se_** [PCRA petition] on August 8, 2014. On August 18, 2014, the Court issued an Order appointing [counsel] to represent [appellant] and directed that counsel file a Supplemental or Amended Petition on [appellant]'s behalf within thirty days.

PCRA court opinion & order, 5/27/15 at 2-3.

Before the Court is a counseled, Third Amended Petition for [PCRA relief]. [Appellant] argues he is entitled to post-conviction relief because his trial attorney was ineffective. Specifically, [appellant] argues that trial counsel should have withdrawn from representation when it became apparent there was a breakdown in communication over differences in opinion regarding the decision to have [appellant]'s co-defendant and brother, Jose Rivera-Rivera, testify on behalf of [appellant] at his trial. After a thorough review of the testimony presented at a PCRA hearing held on April 27, 2015,

the post-hearing Briefs submitted by the parties, and the compete record of the case, we disagree.

*Id.* at 1-2.

On May 27, 2015, the PCRA court denied appellant's petition. A timely notice of appeal was filed on June 15, 2015. On June 16, 2015, the PCRA court filed a statement pursuant to Pa.R.A.P. 1925(a), indicating that it was relying on its May 27, 2015 opinion, and directing the clerk to immediately transmit the record to this court. (Docket #62.)

Appellant has raised the following issue for this court's review:

1. Whether Trial Counsel was ineffective for failing to ask the Court to be removed where Trial Counsel knew that there was a material breakdown in communication between herself and Appellant?

Appellant's brief at 4.

Initially, we recite our standard of review:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007), ***appeal denied***, 940 A.2d 365 (Pa. 2007).

"To prevail on a claim alleging counsel's ineffectiveness, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that

counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness." **Commonwealth v. Wallace**, 555 Pa. 397, 407, 724 A.2d 916, 921 (1999), citing **Commonwealth v. Howard**, 538 Pa. 86, 93, 645 A.2d 1300, 1304 (1994) (other citation omitted). In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a "'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" **Commonwealth v. Kimball**, 555 Pa. 299, 308, 724 A.2d 326, 331 (1999), quoting **Strickland v. Washington**, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A "'[r]easonable probability' is defined as 'a probability sufficient to undermine confidence in the outcome.'" **Id.** at 309, 724 A.2d at 331, quoting **Strickland**, 466 U.S. at 694, 104 S.Ct. 2052.

**Commonwealth v. Jones**, 811 A.2d 1057, 1060 (Pa.Super. 2002), **appeal denied**, 832 A.2d 435 (Pa. 2003). "We presume counsel is effective and place upon Appellant the burden of proving otherwise. Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." **Commonwealth v. Poplawski**, 852 A.2d 323, 327 (Pa.Super. 2004) (citations omitted).

Instantly, Attorney Adams testified at the PCRA hearing before Judge Eby that she explained why she did not intend to call Jose Rivera-Rivera ("Jose") as a witness, and appellant agreed with that decision. Attorney Adams testified that if appellant had been adamant about calling Jose as a witness at trial, Attorney Adams would have asked for a sidebar conference and put the matter on the record:

Q.     And was he in agreement with your decision to not call Jose as a witness?

A.     My answer is going to be yes, because if he was completely 100 percent adamant that Jose still had to have been called I probably would have asked off -- outside of the jury to explain this situation to the judge. That despite what I was telling my client that he wanted this witness called and that I thought it was against his best interest just to preserve the record of that. He never wanted to talk to the judge about that or anything else.

Q.     So if there was this issue between the two of you that you had this disagreement as to how to proceed, you would have called the court's attention to it?

A.     Yes, I have done that in other cases and I would have done that in this case.

Q.     To protect yourself from this sort of proceeding?

A.     Yes.

Q.     And as far as your recollection goes, [appellant] was on board with the decision not to call Jose as a witness?

A.     Yes.

Notes of testimony, 4/27/15 at 17-18.

But on more than one occasion through Ms. Lopez [(Sarah Lopez, the interpreter)] I explained to him my concerns of calling Jose to testify. And after every time we talked about it he appeared to be in agreement. He would acknowledge what we were saying, he would say yes, okay.

*Id.* at 20.

Attorney Adams testified that appellant appeared to understand everything she was saying and that on multiple occasions they discussed the issue of Jose testifying, including the morning of trial. (*Id.* at 21.) Judge Eby, who also presided over trial, specifically found Attorney Adams to be credible in this regard. (PCRA court opinion, 5/27/15 at 9.) In addition, Attorney Adams' testimony was corroborated by Lopez, who testified that they discussed the matter many times and appellant appeared to be in agreement with the decision not to call Jose as a witness:

> Q. If you can recall, what were the discussions that you would have been present for where that was discussed?
>
> A. From what I recall the -- [appellant] wanted to call Jose -- [appellant] wanted to call Jose to testify and Attorney Adams did not think that was a good idea because we didn't think it was going to help the case.
>
> Q. And did Attorney Adams explain through you her concerns regarding that issue?
>
> A. Yes, many times.
>
> Q. When you explained those things to [appellant], what was his response?
>
> A. From what -- I can't recall word-for-word everything that was said. But from his standpoint he wanted to call him and he -- I don't even know how to say it. He said he wanted to call him, Attorney Adams would tell him why he should not be called to testify and then kind of just started talking about other stuff.

> Q. During the course of these discussions did [appellant] at some point agree not to call Jose as a witness?
>
> A. Yes, the day of [t]rial.
>
> Q. Was there any anger or hostility or anything like that between Attorney Adams and [appellant] during these discussions?
>
> A. Not that I recall. Stuff like that kind of sticks out.

Notes of testimony, 4/27/15 at 25-26. Clearly, the underlying issue, that there was some sort of breakdown in meaningful communication between attorney and client, lacks arguable merit. A difference in opinion in trial strategy would not constitute a reason for Attorney Adams to request withdrawal.

In addition, appellant cannot show how he was prejudiced by Attorney Adams' continued representation. In fact, appellant testified at the PCRA hearing that despite their alleged disagreement, he felt that Attorney Adams could continue to effectively represent him at trial. (***Id.*** at 10.) Appellant conceded that he never informed the trial court of any disagreement between himself and defense counsel and that he was found not guilty of one of the most serious offenses, involving the heroin found inside the house. (***Id.***) Attorney Adams testified that the only reason this case went to trial was because of the PWID charge involving the heroin found inside the house, which appellant denied possessing. (***Id.*** at 22-23.) Appellant was acquitted of that charge, even without Jose's testimony. (***Id.***)

Throughout his brief on appeal, appellant argues that Jose would have offered material, exculpatory testimony on his behalf. According to appellant, Jose would have testified that appellant was not involved in selling drugs and was only at Jose's residence to fix Jose's and Adelaida's vehicles. (Appellant's brief at 22.)

In his amended petition, appellant alleged that trial counsel was ineffective for failing to call a material witness, presumably Jose. (PCRA court opinion, 5/27/15 at 3.) Subsequently, however, appellant indicated that he was "no longer pursuing the failure to call witnesses issue." (*Id.* at 4.) Jose was not called as a witness at the PCRA hearing, and there is no indication in the record what he would have testified to, as neither appellant nor his co-defendant, Adelaida Gaston-Vasquez, called Jose as a witness at trial. As the PCRA court observes, Jose pled guilty to all charges prior to appellant's jury trial, including charges of conspiring to sell drugs with appellant. If, in fact, as appellant alleges, Jose would have testified that appellant was not involved in the sale of drugs, it would have contradicted his sworn statements at the guilty plea hearing. (*Id.* at 11.) There is no merit here.

Order affirmed. The Commonwealth's motion for extension of time in which to file its brief is denied as moot.

J. S64014/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015