J-S12018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAVOY S. ROBINSON, | |
| Appellant | No. 2437 EDA 2015 |

Appeal from the PCRA Order of July 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0807931-2004

BEFORE: MUNDY, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 18, 2016**

Appellant, Savoy S. Robinson, appeals *pro se* from an order entered on July 28, 2015 that denied his third petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court ably summarized the pertinent facts as follows:

On April 13, 2005, [A]ppellant was sentenced to life plus [two and one-half to five years'] incarceration after a jury found him guilty of first-degree murder and possession of an instrument of crime for the shooting death of Geary Turner on July 11, 2004, at the Coleman Hall halfway house in Philadelphia.[1] A direct appeal was taken and the judgment of sentence was affirmed by th[is Court] on November 14, 2006. The Supreme Court of Pennsylvania denied [A]ppellant's petition for review on May 17, 2007. On July 10, 2007, [A]ppellant filed a timely first PCRA [petition] which was dismissed on October 3, 2008. The dismissal was affirmed by th[is Court] on November 24, 2009.

_____

[1] 18 Pa.C.S. §§ 2502 and 907, respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. On September 26, 2013, [A]ppellant filed his second petition for PCRA relief claiming that he [was] entitled to relief based upon the ineffective assistance of all prior counsel, the trial [c]ourt's alleged lack of authority to sentence him to a life sentence, and because the trial [c]ourt [] arbitrarily deprived him of his liberty because [] no sentencing order commit[ed] him to the custody of the prison system[.][2] Following review and proper notice, [A]ppellant's petition for relief was dismissed as untimely on February 10, 2014. Th[is] Court affirmed on January 16, 2015.

On June 3, 2015, [A]ppellant filed the instant PCRA petition asserting that on April 23, 2015, he learned for the first time that the charging information in his case was defective and vague, and that the [trial c]ourt provided the jury with deficient jury instructions, thereby violating his constitutional rights. He claimed that this newly discovered information entitle[d] him to relief. The [PCRA c]ourt disagreed, and following proper notice, on July 28, 2015, [dismissed A]ppellant's petition [] as untimely. This appeal followed.

PCRA Court, 10/22/15, at 1-2 (footnotes in original).

Appellant alleges on appeal that the PCRA court erred in dismissing his petition as untimely since he properly invoked the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii), pertaining to newly-discovered facts. Specifically, Appellant claims that, on April 23, 2015, he learned through an on-staff prison paralegal that the criminal information filed in his case was vague and deficient in that it did not properly refer to the offense of first-degree murder. Appellant further claims that, because he was not put on notice of the charge of first-degree murder, the trial court's instructions

_____

[2] Appellant originally filed his second petition on August 1, 2012, but on September 10, 2013, the petition was withdrawn at Appellant's request.

to the jury were erroneous and violated his constitutional rights. Appellant maintains that he properly invoked the timeliness exception found at § 9545(b)(1)(ii) since he filed his petition on June 3, 2015, within 60 days of learning of the alleged deficiency in his criminal information.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). We apply a *de novo* standard of review and a plenary scope of review to challenges involving questions of law. **Commonwealth v. Rykard**, 55 A.3d 117, 1183-1184 (Pa. super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013).

The timeliness of a PCRA petition is a jurisdictional prerequisite. **See Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2003). A petition seeking relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.[3] **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa.

---

[3] The exceptions to the PCRA's timeliness requirement are:

*(Footnote Continued Next Page)*

2000). A PCRA petition invoking one of the statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***Id.***; 42 Pa.C.S.A. § 9545(b)(2). A judgment of sentence becomes final at the end of direct review, including discretionary review in the Pennsylvania Supreme Court and the U.S. Supreme Court, or at the expiration of the time limit for seeking that review. 42 Pa.C.S.A. § 9545(b)(3).

Appellant's judgment of sentence became final on August 15, 2007, 90 days after our Supreme Court denied further review and the time for filing a petition for *writ* of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup. Ct. R. 13. Appellant had to file a PCRA petition on or before August 15, 2008 in order for the petition to be timely filed. Appellant filed the instant petition on June 3, 2015, nearly eight

*(Footnote Continued)* ───────────

    (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

years after his judgment of sentence became final.  Hence, his petition is untimely unless he pleads and proves an exception to the PCRA's time bar.

Appellant invokes the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii).  This exception arises where the petitioner's underlying PCRA claim is based on previously unknown facts that could not have been obtained earlier through the exercise of due diligence.  **See** § 9545(b)(1)(ii). This statutory exception, like any exception under Section 9545(b)(1), must be invoked within 60 days of when it first could have been raised. 42 Pa.C.S.A. § 9545(b)(2).  Although we may assume, *arguendo*, that Appellant filed his petition within 60 days of his April 23, 2015 communication with the prison paralegal, we are not convinced that Appellant properly invoked the newly-discovered facts exception.

Appellant bases his claims on alleged deficiencies in his criminal information and alleged improprieties in the instructions given to the jury at the trial.  These materials, however, were readily available and known to Appellant and his counsel prior to and at the time of trial.  Matters of public record ordinarily do not support the newly-discovered facts exception found at § 9545(b)(1)(ii).  **See Commonwealth v. Lopez**, 51 A.3d 195, 199 (Pa. 2012); **Commonwealth v. Chester**, 895 A.2d 520, 523 (Pa. 2006).[4]

_____

[4] Appellant's attempt to rely on our recent decision in **Commonwealth v. Burton**, 121 A.3d 1063 (Pa. Super. 2015) is unavailing.  At the time of trial, both Appellant and his counsel had access to the criminal information and
*(Footnote Continued Next Page)*

Indeed, careful reflection upon Appellant's claims reveals that he relies upon new legal interpretations of the filings lodged in his own criminal case, not on the discovery of information or documents that were previously unknown or unavailable to him, despite the exercise of due diligence.  It is well-settled that, "[a] PCRA petitioner cannot avoid the one-year time bar by tailoring the factual predicate of the claim pled in his PCRA petition in a way that unmistakably misrepresents the actual nature of the claim raised." *Commonwealth v. Watts*, 23 A.3d 980, 985-986 (Pa. 2011), *quoting Commonwealth v. Hackett*, 956 A.2d 978, 984 (Pa. 2008).  Hence, the PCRA court correctly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2016

_(Footnote Continued)_ —————————

jury instructions filed in this case.  Thus, our analysis in *Burton* is inapposite.