J-S77005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANKIE JEROME CLARK, | |
| Appellant | No. 15 MDA 2016 |

Appeal from the PCRA Order entered December 15, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division, at No(s): CP-22-CR-0003745-2006
CP-22-CR-0003747-2006

BEFORE:  PANELLA, J., OLSON, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.

Frankie Jerome Clark ("Appellant") appeals from the order denying as untimely his fourth petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On October 8, 2007, Appellant entered a negotiated guilty plea at two separate dockets to burglary and related charges. In accordance with the plea terms, the trial court imposed an aggregate sentence of 12½ to 25 years of imprisonment. Appellant did not file a direct appeal.

Appellant filed a timely first PCRA petition on October 3, 2008, and the PCRA court appointed counsel. PCRA counsel ultimately filed a motion to withdraw and a "no-merit" letter pursuant to ***Commonwealth v. Turner***,

_____

[*] Retired Senior Judge assigned to the Supreme Court.

544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA Court issued notice of its intent to dismiss the petition without a hearing and granted the motion to withdraw. The PCRA court later dismissed Appellant's first PCRA petition. Appellant did not file an appeal.

Appellant unsuccessfully litigated two more PCRA petitions and, on both occasions, we affirmed the PCRA court's conclusion that the petition was untimely. *See Commonwealth v. Clark*, 24 A.3d 445 (Pa. Super. 2011) (unpublished memorandum); *Commonwealth v. Clark*, 50 A.3d 254 (Pa. Super. 2012) (unpublished memorandum).

On August 20, 2015, Appellant filed the PCRA petition at issue—his fourth—in which he asserted that the trial court imposed an illegal mandatory minimum sentence pursuant to *Alleyne v. United States*, 123 S.Ct. 2151 (2013). The PCRA court issued notice of its intent to dismiss the petition. Appellant did not file a response. The PCRA court then entered an order dismissing the petition as untimely. This timely appeal follows.

Within his *pro se* brief, Appellant raises the following issues:

1.) Is 42 Pa.C.S.A. §9714(a)(1) and (a)(2) unconstitutional?

2.) Is Appellant's plea unconstitutional?

Appellant's Brief at 4 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is

supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005).

Before addressing Appellant's substantive issues, we must first determine whether the PCRA court properly determined that Appellant's fourth PCRA petition was untimely.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges and proves an exception to the time for filing the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claims could have been presented." *Hernandez*, 79 A.3d at 651-652 (citing 42 Pa.C.S.A. § 9545(b)(2)).

Appellant's judgment of sentence became final on November 7, 2007, when the thirty-day time period for filing an appeal to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant had until November 7, 2008, to file a timely PCRA petition. As Appellant filed the instant petition in 2015, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

According to Appellant, his latest PCRA petition is timely because he is raising a claim that he received an illegal sentence in light of the United

States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). There, the Court held that any fact that increased the mandatory minimum sentence for a crime is an element thereof, which must be submitted to a jury and found beyond a reasonable doubt.

Appellant's claim is devoid of merit for several reasons, the most important of which is that there is no indication in the record that the negotiated sentence imposed upon him included any mandatory minimums. Indeed, Appellant acknowledges, and the sentencing transcript corroborates, the fact that Appellant entered his guilty plea in order to avoid the application of the Sentencing Code's "three-strike" provision and the imposition of a mandatory life sentence. *See* 42 Pa.C.S.A. § 9714. The record reveals that this section would have applied because Appellant had committed *seven* previous burglaries. *See* N.T., 10/8/07, at 11-12.

Even if applicable, Appellant's claim would still fail because he did not file his petition within sixty days of the 2013 *Alleyne* decision. *See* 42 Pa.C.S.A. § 9545(b)(2). Moreover, it is well settled that *Alleyne* and its progeny do not apply to sentences increased due to a prior conviction such as § 9714. *See*, *e.g.*, *Commonwealth v. Riggle*, 119 A.3d 1058 (Pa. Super. 2015).

Finally, our Supreme Court recently held that "*Alleyne* does not apply retroactively to cases pending on collateral review…." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

Thus, for all of these reasons, we affirm the PCRA court's order dismissing Appellant's serial PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2016