J-S84039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALISHA GAMBRELL | |
| Appellant | No. 1419 EDA 2016 |

Appeal from the PCRA Order May 6, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s):
CP-51-CR-0014053-2012
CP-51-CR-0015283-2012

BEFORE: OLSON, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:              **FILED FEBRUARY 23, 2017**

Appellant, Alisha Gambrell, appeals from the order of the Philadelphia County Court of Common Pleas dismissing her first Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant asserts she established that she timely filed her PCRA petition after discovering a previously unknown collateral consequence of her guilty plea. We are constrained to affirm.

The PCRA court summarized the facts underlying Appellant's conviction as follows:

> In regards to CP-51-CR-0014053-2012, on January 31, 2012, at six-thirty in the evening Philadelphia Police officers responded to a radio call for a person with a weapon at the Dynamic Dollar Store. When police arrived, [Appellant] claimed she was assaulted by the store

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

manager ("Complainant"). Upon reviewing the surveillance video, the police placed [Appellant] under arrest. Later when police interviewed Complainant, he stated that [Appellant] was shopping with her nine-year-old daughter when [Appellant] took a wallet from the store and put it inside her purse, then switched the belongings from her old wallet into her new wallet. The Complainant approached [Appellant] and asked if she was going to pay for the wallet. At this point [Appellant] denied taking anything and became more aggressive and eventually left the store. [Appellant] returned a few minutes later and continued to yell at Complainant. [Appellant] started knocking over displays and merchandise. [Appellant] then grabbed Complainant by the collar and began pulling him toward the front of the store. [Appellant] punched Complainant in the face knocking off his glasses. Complainant then punched [Appellant] who then let Complainant go. [Appellant] then left the store for a second time.

[Appellant] was arrested and charged with[, *inter alia*, simple assault,[2] terroristic threats,[3] and possession of an instrument of crime.[4]]

In regards to CP-51-CR-0015283-2012, on November 10, 2012, Complainant and his brother were in Room 706 of the Criminal Justice Center for the purposes of testifying against [Appellant]. While in the courtroom, the Complainant heard [Appellant] refer to him and his brother using profanity. The Complainant then went and sat on the other side of the courtroom but again heard [Appellant] state "P***y, I'll see you outside again. I know where you are at." The Complainant stated that [Appellant] was verbally abusive, referring to them as motherf**ers and heard [Appellant] speak of the store [he] owns, the Dynamic Dollar where the assault occurred. As a result of this incident, [Appellant] was arrested and

_____

[2] 18 Pa.C.S. § 2701(a).

[3] 18 Pa.C.S. § 2706(a)(1).

[4] 18 Pa.C.S. § 907(a).

- 2 -

> charged with[, *inter alia*, retaliation against a witness or victim[5] and harassment.[6]]

PCRA Ct. Op., 7/19/16, at 1-2 (record citations omitted).

On January 17, 2013, Appellant pleaded guilty at CP-51-CR-0014053-2012 to terroristic threats, possession of an instrument of crime, and simple assault. On May 23, 2013, Appellant entered into a negotiated guilty plea at CP-51-CR-0015283-2012 to one count of retaliation against a witness or victim and one count of harassment. Immediately thereafter, the trial court sentenced Appellant at both dockets to an aggregate term of time served to twenty-three months of imprisonment and a consecutive five-year probationary term. Appellant was paroled that same day and did not file a post-sentence motion or a direct appeal. Appellant was represented by Mary T. Maran, Esq. ("plea counsel").

On June 1, 2015, William Christopher Montoya, Esq., filed a PCRA petition asserting that plea counsel failed to inform Appellant that her guilty pleas would result in the loss of her nursing certification. PCRA Pet., 6/1/15, at 2. On November 19, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as untimely. The notice was docketed as an order denying the petition as untimely. Appellant filed a *pro*

---

[5] 18 Pa.C.S. § 4953(a).

[6] 18 Pa.C.S. § 2709(a)(4).

*se* notice of appeal on November 24, 2015, but discontinued the appeal on December 17, 2015.

On February 24, 2016, Attorney Montoya filed an amended PCRA petition. In that petition, Attorney Montoya averred that "[i]nto her second year of probation[, Appellant] became aware her employment opportunities in nursing were impacted as she could not get certified." Am. PCRA Pet., 2/24/16, at 1. Attorney Montoya stated that "on or about August 2014," Appellant "addressed the court" and the court appointed him as PCRA counsel.[7] *Id.* However, "during the beginning of 2015," Attorney Montoya suffered a family medical emergency, which "was not totally resolved until late May 2015." *Id.* Attorney Montoya suggested that he "did not file a timely petition due to his personal issues and filed the late petition on June 1, 2015." *Id.* at 2. On May 4, 2016, Attorney Montoya filed a "corrected amended petition" that contained the same allegations as the February 24, 2016 petition.

On May 6, 2016, the PCRA court dismissed Appellant's petition following a conference on the record. Present counsel, Daniel A. Alvarez, Esq., timely filed a notice of appeal for Appellant and complied with the court's order to submit a Pa.R.A.P. 1925(b) statement. The court filed a responsive Rule 1925(a) opinion concluding that Appellant's initial June 1,

_____

[7] The record does not contain an order appointing Attorney Montoya, nor was such an order docketed.

2015 petition was untimely filed. Specifically, the court determined the collateral consequences of her plea could have been discovered within the one-year PCRA time bar and that Appellant did not establish due diligence. PCRA Ct. Op. at 5-6.

Appellant raises the following issue for review:

> Did the PCRA [c]ourt err in dismissing [A]ppellant's PCRA [p]etition without a hearing and determining that [her] PCRA [p]etition was not timely filed despite the fact that according to 42 Pa.C.S. § 9545(b)(1)(ii) and 42 Pa.C.S. § 9545(b)(2), [her] PCRA [p]etition was timely filed because of newly-discovered facts, and because [she] actually moved to withdraw her pleas within the one year time period?

Appellant's Brief at 4.

Appellant presents two arguments in support of her claim. First, she asserts that she discovered the collateral consequences of her plea before the one-year PCRA time bar expired. She avers:

> On or about October 22, 2013, [A]ppellant was made aware that her guilty pleas affected her employment and medical certification as a [certified nursing assistant]. Appellant immediately informed the PCRA [c]ourt of her desire to withdraw her guilty pleas. On or about this date the PCRA [c]ourt appointed PCRA counsel, Christopher Montoya, Esq. to represent [A]ppellant in filing a PCRA petition. Due to PCRA counsel's family medical issues, this was not done until June 1, 2015.

*Id.* at 6. Appellant attaches to her appellate brief a letter informing her that she could no longer be employed due to her plea. App. A to Appellant's Brief. That letter was dated October 22, 2013, approximately six months after her conviction. *Id.* Additionally, Appellant's brief includes an affidavit

- 5 -

in which Appellant asserts that after receiving that letter, she "immediately went to the court house and spoke with [the trial judge] in regards to [her] negotiated guilty plea . . . [and] was sent directly over to [Attorney Montoya's] office to start the process for a[ ] PCRA." App. B to Appellant's Brief. She notes that at the time of her conviction, she was also attending school "to become a Licensed Practical Nurse." *Id.* The affidavit was dated August 16, 2015, approximately one month after Attorney Montoya filed the initial PCRA petition in this matter, but approximately seven months before Attorney Montoya filed the amended PCRA petition. *Id.*

Second, Appellant contends that even if she discovered the collateral consequences of her plea more than one year after her conviction became final, Attorney Montoya's family emergency was a circumstance over which she had no control. Appellant suggests that she exercised due diligence by contacting the trial court and then contacting Attorney Montoya. Appellant's Brief at 12.

Following our review, we discern no basis to upset the PCRA court's determination that the instant petition was not timely filed. Specifically, we conclude that Appellant's allegation that she discovered the adverse effects of her plea were waived and, in any event, would not alter the underlying determination that Appellant failed to plead a PCRA time-bar exception.

The standard for reviewing an order dismissing a PCRA petition is whether the PCRA court's determinations are supported by the evidence of

- 6 -

record and are free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

It is well-settled that the timeliness of a PCRA petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a PCRA petition must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, a timeliness exception under 42 Pa.C.S. § 9545(b)(1)(i), (ii), or (iii).[8] 42 Pa.C.S. § 9545(b)(1). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have

_____

[8] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

been presented." **See** 42 Pa.C.S. § 9545(b)(2); **Hernandez**, 79 A.3d at 652.

Under Section 9545(b)(1)(ii), the petitioner must establish that the facts upon which the claim are predicated were unknown to her and that she could not have ascertained the facts earlier despite the exercise of due diligence. **Commonwealth v. Bennett**, 930 A.2d 1264, 1270 (Pa. 2007). The determination of timeliness does not require a merits analysis. **Id.** at 1271. However, the exception to the PCRA's time bar must be pleaded in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a).

Instantly, Appellant's May 23, 2013 judgment of sentence became final on Monday, June 24, 2013, when the thirty-day period for filing an appeal to this Court expired. **See** 42 Pa.C.S. § 9545(b)(3); **see also** 1 Pa.C.S. § 1908; Pa.R.A.P. 903(a). Thus, Appellant had until June 24, 2014 to file a facially timely PCRA petition. Because Appellant filed the instant petition on June 1, 2015, Appellant bore the burden of pleading and proving that one of the enumerated exceptions applied. **See Hernandez**, 79 A.3d at 652.

Although Appellant first claims that she became aware of the collateral consequences of her plea when she was terminated as a certified nursing assistant in October 2013, she did not present this information to the PCRA

court in the first instance.  To the contrary, Attorney Montoya's amended petition asserted that Appellant was "unaware of the impact on her certification until on or around August 2014," and did not include the attachments presented to this Court.  *See, e.g.*, Am. PCRA Pet. at 2. Moreover, Appellant was present at the May 6, 2016 conference regarding her petition and did not offer this information.  Thus, Appellant has waived this claim as a basis for relief.  *Burton*, 936 A.2d at 525; *see also* Pa.R.A.P. 302(a).

In any event, the allegation that Appellant was terminated as a certified nursing assistant in October 2013, based on her conviction, belies her second argument that she acted diligently.  Because Appellant was terminated as a certified nursing assistant, she was placed on notice that her conviction could affect her plans to become a licensed practical nurse. Moreover, as the PCRA court observed, the fact that a nursing candidate must submit to criminal background checks and could be adversely affected by a conviction is a matter of regulation and may be readily discovered.  In light of the foregoing, we conclude that Appellant cannot demonstrate due diligence when discovering information that her conviction could result in the termination of her employment as a certified nursing assistant or hamper her advancement in nursing.  Thus, no relief is due.

Order affirmed.

Judge Solano joins the memorandum. Judge Olson concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2017