J. S31039/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA
             v.                 :
                                       :
ROBERT MITAL,                :             No. 1935 WDA 2016
                                       :
             Appellant       :

Appeal from the PCRA Order, December 12, 2016,
in the Court of Common Pleas of Fayette County
Criminal Division at No. CP-26-CR-0000075-2015

BEFORE: PANELLA, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED JUNE 14, 2017**

Robert Mital appeals from the order of December 12, 2016, denying his petition for post-conviction collateral relief.[1] We affirm.

On October 7, 2015, following a two-day jury trial, appellant was found guilty of risking a catastrophe, two counts of recklessly endangering another person ("REAP"), and criminal mischief.[2] Appellant was found not guilty of simple assault.[3] (Notes of testimony, 10/6-7/15 at 85; docket #7.) The trial court also found appellant guilty of the summary offenses of

---

[1] Although the order was dated December 8, 2016, it was not entered on the docket until December 12, 2016. We have corrected the caption accordingly.

[2] 18 Pa.C.S.A. §§ 3302(b), 2705, and 3304(a)(1), respectively.

[3] 18 Pa.C.S.A. § 2701(a)(2).

damage to real property by motor vehicle, reckless driving, and careless driving.[4]  (Notes of testimony, 10/6-7/15 at 86; docket #7.)  The charges related to an incident on the afternoon of November 29, 2014, when appellant drove his van into the residence of the victims, David and Linda Kelly.  There was extensive damage to the residence, although fortunately, no serious injuries.

On November 4, 2015, appellant received a sentence of 1-2 years' incarceration at count 1, risking a catastrophe; no further penalty was imposed at the remaining counts.  (Docket #10, 15; notes of testimony, 11/4/15 at 4-5.)  Appellant did not file post-sentence motions or a direct appeal; however, on August 11, 2016, appellant filed a timely **pro se** PCRA[5] petition.  (Docket #16.)  Counsel was appointed and filed an amended petition on appellant's behalf.  (Docket #19.)  On December 12, 2016, following an evidentiary hearing, the petition was denied.  (Docket #23.)  A timely notice of appeal was filed on December 21, 2016, together with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  (Docket #24, 25.)  On January 11, 2017, the PCRA court filed a Rule 1925(a) opinion.  (Docket #28.)

Appellant has raised the following issue for this court's review: "Whether the PCRA court erred in not finding defense counsel,

---

[4] 75 Pa.C.S.A. §§ 3717(c), 3736(a), and 3714(a), respectively.

[5] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

Michael Garofalo, Esq., ineffective for failing to call Renae Androkovich as a witness at trial?" (Appellant's brief at 3 (capitalization omitted).)

Initially, we recite our standard of review:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super. 2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007),

***appeal denied***, 940 A.2d 365 (Pa. 2007).

> "To prevail on a claim alleging counsel's ineffectiveness, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness." ***Commonwealth v. Wallace***, 555 Pa. 397, 407, 724 A.2d 916, 921 (1999), citing ***Commonwealth v. Howard***, 538 Pa. 86, 93, 645 A.2d 1300, 1304 (1994) (other citation omitted). In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a "'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" ***Commonwealth v. Kimball***, 555 Pa. 299, 308, 724 A.2d 326, 331 (1999), quoting ***Strickland v. Washington***, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A "'[r]easonable probability' is defined as 'a probability sufficient to undermine confidence in the outcome.'" ***Id.*** at 309, 724 A.2d at 331, quoting ***Strickland***, 466 U.S. at 694, 104 S.Ct. 2052.

*Commonwealth v. Jones*, 811 A.2d 1057, 1060 (Pa.Super. 2002), *appeal denied*, 832 A.2d 435 (Pa. 2003). "We presume counsel is effective and place upon Appellant the burden of proving otherwise. Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004) (citations omitted).

Appellant argues that trial counsel, Attorney Garofalo, was ineffective for failing to call Androkovich to the stand.[6] Appellant claims that Androkovich, his girlfriend at the time, would have testified that she saw appellant sleeping in the vehicle, which was parked in her driveway, about two hours before the incident. (Appellant's brief at 9.) According to appellant, Androkovich's testimony would have confirmed his claim that he was innocent of the charges because he was sleeping in his vehicle prior to the incident. (*Id.* at 10.) Appellant claims that Attorney Garofalo knew about Androkovich prior to trial and that she was available and willing to testify. (*Id.* at 9-10.)

> To establish ineffectiveness for failure to call a witness, Appellant must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. A defendant must establish prejudice by

---

[6] Appellant withdrew an allegation that trial counsel was ineffective for failing to file a direct appeal. (Notes of testimony, 12/8/16 at 3-4.)

> demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness.

***Commonwealth v. O'Bidos***, 849 A.2d 243, 249 (Pa.Super. 2004), ***appeal denied***, 860 A.2d 123 (Pa. 2004) (citations omitted).

To put appellant's ineffectiveness claim into context, we will briefly summarize the evidence presented at trial. Linda Kelly testified that at approximately 1:40 p.m. on November 29, 2014, she looked out the living room window and saw appellant's van coming through her yard. (Notes of testimony, 10/6-7/15 at 15-17.) The van smashed through their wall. (***Id.*** at 17-18.) Linda's husband David suffered cuts on his arm and leg. (***Id.*** at 23.) Linda testified that appellant was seated in the driver's seat of the vehicle, behind the wheel. (***Id.*** at 23-24, 30.) The impact from appellant's vehicle left a large hole in the side of the house. (***Id.*** at 26.) The Kellys had to live in a hotel for approximately one month. (***Id.*** at 26, 31.)

David Kelly testified that he was in the living room with Linda and their dog when appellant's van plowed through the side of the house. (***Id.*** at 33-34.) David testified that it was "like a bomb went off." (***Id.*** at 34.) The force of the impact threw him against the wall. (***Id.*** at 34, 36.) David got the fire extinguisher from the garage because the front end of the van landed on top of two 275-gallon oil tanks. (***Id.*** at 37, 39.) David saw some smoke and used the fire extinguisher on appellant's vehicle. (***Id.*** at 39-40.) The police arrived approximately 10 minutes later. (***Id.*** at 41.) David saw

appellant exit the driver's side of the vehicle. (*Id.* at 37-38.) The living room was destroyed, necessitating $43,000 in repairs. (*Id.* at 38-40.)

Officer Brandon Zuraw testified that when he arrived on the scene, he observed a white van through the east side of the Kellys' residence. (*Id.* at 45.) Officer Zuraw testified that appellant appeared to be intoxicated. (*Id.* at 47.) He had an odor of alcohol, slurred speech, and trouble standing. (*Id.*) Appellant admitted that he was intoxicated. (*Id.* at 48.) Appellant claimed he could not remember how the accident occurred. (*Id.* at 47-48, 51.)

Appellant testified that he worked a night shift and arrived at Androkovich's house at approximately 7:30 a.m. on November 29, 2014. (*Id.* at 59-60.) Appellant testified that he had a few drinks and they got into an argument. (*Id.* at 60-61.) At approximately 8:30-9:00 a.m., appellant went outside to sleep in the van "to avoid a confrontation." (*Id.* at 61.) Appellant testified that at some point, he woke up, was cold, and turned the ignition on to warm up the van. (*Id.*) Appellant testified that he was sleeping, lying across the two front seats. (*Id.*) The next thing appellant remembered was a jolt and waking up to residential siding in his windshield. (*Id.* at 62.) Appellant testified that he had to climb out of the driver's side window because the door was jammed. (*Id.*) Appellant claimed that he was asleep and did not drive the van into the Kellys' house. (*Id.* at 68.)

At the PCRA hearing, appellant testified that he gave Attorney Garofalo Androkovich's name, address, and phone number 11 months before trial. (Notes of testimony, 12/8/16 at 6, 14.) Attorney Garofalo acknowledged that he was aware of Androkovich but had decided not to call her as a witness because the offenses with which appellant was charged do not require an intentional act. (*Id.* at 22-23.) Furthermore, at the preliminary hearing, no one actually identified appellant as the driver of the van, just that he was at the scene. (*Id.* at 23.) So, Attorney Garofalo did not want to put Androkovich on the stand to testify that appellant was in the van. (*Id.* at 23, 26.)

Androkovich testified that several hours before the incident on November 29, 2014, she saw appellant in the van sleeping. (*Id.* at 15-17.) She unsuccessfully tried to wake him up. (*Id.* at 16.) Androkovich testified that, "I went back into my house, laid [sic] back down, and then in a little bit after that my mother came screaming and running over [to] my house pounding on my door saying the van's in the neighbor's house." (*Id.* at 16-17.) Androkovich did not see the collision. (*Id.* at 19.)

We agree with the PCRA court that appellant was not prejudiced by Attorney Garofalo's decision not to call Androkovich as a witness where she would not have offered relevant testimony. (PCRA court opinion, 1/11/17 at 3.) Androkovich saw appellant sleeping in the van two hours prior to the incident. (*Id.* at 2-3.) She did not see appellant immediately prior to the

incident, and she did not witness the incident. Therefore, her proffered testimony was irrelevant.

In addition, the offenses with which appellant was charged required only recklessness, not an intentional criminal act. Even if the jury believed appellant's testimony that he had been sleeping in the front seat of the van and did not intentionally drive it into the Kellys' living room, it would not have compelled a different result. The PCRA court did not err in denying appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/14/2017