870 A.2d 795

COMMONWEALTH of Pennsylvania, Appellee,

v.

James HALLEY, Appellant.

Supreme Court of Pennsylvania.

Submitted Dec. 28, 2004.

Decided March 29, 2005.

Mitchell S. Strutin, Esq., Philadelphia, for James Halley.

Hugh J. Burns, Esq., Philadelphia, for Commonwealth of Pennsylvania.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice SAYLOR.

We allowed appeal to consider whether, as a component of a claim of ineffective assistance of an attorney for failing to submit a court-ordered statement of matters complained of on appeal, a post-conviction petitioner must demonstrate actual prejudice as a prerequisite to reinstatement of his direct appeal rights.

In April of 1998, Appellant participated in a killing in the Upper Kensington neighborhood of Philadelphia. Following a bench trial in which he and a co-defendant were convicted of first-degree murder, aggravated assault, possessing an instrument of crime, and criminal conspiracy, Appellant was sentenced, *inter alia*, to life imprisonment. Appellant's court-appointed counsel filed a timely notice of appeal, triggering an obligation on the part of the trial court to prepare an opinion, *see* Pa.R.A.P.1925(a), and the court correspondingly directed Appellant to file a statement of matters complained of on appeal, pursuant to Rule of Appellate Procedure 1925(b). *See* Pa.R.A.P.1925(b) (prescribing, *inter alia*, that "[t]he lower court ... may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order"). Appellant's counsel, however, failed to file the statement as directed. The trial court subsequently issued its opinion without the benefit of the

statement that it had required, undertaking to review the evidence and concluding that it was sufficient to support the verdict. *See Commonwealth v. Halley,* No. 9810–0186 (C.P.Phila. Nov.9, 1999).

Notwithstanding counsel's failure to submit a Rule 1925(b) statement, he filed a brief on the merits in the Superior Court, asserting that the evidence was insufficient to support the verdict, and that the verdict was against the weight of the evidence. In an unpublished decision, however, the Superior Court held that it was precluded from considering Appellant's arguments due to the absence of a Rule 1925(b) statement. *See Commonwealth v. Halley,* No. 9810–0186, slip op. at 1–2 (Pa.Super.Jul.24, 2000). In support of its decision, the panel quoted this Court's decision in *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), as follows:

> [F]rom this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. **Any issues not raised in a 1925(b) statement will be deemed waived.**

*Halley,* No. 9810–0186, slip op. at 4 (quoting *Lord,* 553 Pa. at 420, 719 A.2d at 309) (emphasis in original). In a footnote, the panel also indicated that, had the issue not been waived, it would have agreed with the trial court's disposition. *See id.* at 2 n. 5. Appellant did not seek allowance of appeal by this Court.

Subsequently, and with the assistance of new counsel, Appellant pursued reinstatement of his direct appeal rights under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546 (the "PCRA"), on the theory that his prior attorney was ineffective for failing to file a Rule 1925 statement, thus resulting in the waiver of his claims on direct appeal. In terms of substantive claims for relief from his conviction and sentence, Appellant reasserted his sufficiency-of-the-evidence challenge (except with respect to his conviction for possessing an instrument of crime), and, in the alternative, proffered several other arguments in support of a request for a new

trial. On the Commonwealth's motion, however, the PCRA court dismissed Appellant's post-conviction petition without a hearing, noting that "[Appellant] has had a direct appeal and is not entitled to another." *Commonwealth v. Halley,* No. 9810–0186, slip op. at 2 (C.P.Phila.Jan.21, 2003). The court acknowledged that Appellant's weight- and sufficiency-of-the-evidence claims were deemed waived on direct appeal, and that waived claims may be considered on post-conviction review as a component of allegations of deficient stewardship of counsel resulting in the waiver. *Id.* at 2–3 (citing 42 Pa.C.S. § 9543(a)(4)). Nevertheless, after reviewing the trial record and post-conviction submission, the court determined that Appellant's claims were meritless.

On appeal, Appellant refined his argument seeking reinstatement of his direct appeal rights to specifically assert that his attorney's failure to protect his appellate rights amounted to an actual or constructive denial of counsel, and as such, that Appellant was entitled to a presumption of prejudice.[1] In this regard, Appellant's argument implicates this Court's decision in *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999), which approved such a presumption in the context of an unjustified failure to file a requested direct appeal, reasoning as follows:

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for the purposes of Section

---

1. The traditional requirements for relief pertaining to claims of ineffective assistance of counsel mandate that the petitioner establish actual prejudice (in terms of undermining confidence in the outcome of his trial), as well as the arguable merit of the underlying claim and an absence of some reasonable strategy on counsel's part in terms of the act or omission resulting in the underlying claim not having been previously advanced or vindicated. *See, e.g., Commonwealth v. Pierce,* 515 Pa. 153, 158–60, 527 A.2d 973, 975–77 (1987).

9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are established, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Lantzy,* 558 Pa. at 226–27, 736 A.2d at 572 (footnote omitted).

In a published opinion, the Superior Court rejected Appellant's effort to extend *Lantzy* from the setting of an unjustified failure to file a direct appeal to the context of a failure to file a Rule 1925(b) statement. *See Commonwealth v. Halley,* 839 A.2d 392, 395 (Pa.Super.2003). In this regard, the court noted that an appeal was actually filed on Appellant's behalf. While recognizing that the appeal did not result in substantive review of Appellant's claims for relief due to the finding of waiver, the Superior Court expressed the concern that the circumstances under which a petitioner could claim an absence of an effective appeal were limitless. Moreover, it observed that this Court had identified only one other limited circumstance in which counsel's inaction would result in a presumption of prejudice, namely, the failure to file a requested petition for allowance of appeal. *See Commonwealth v. Liebel,* 573 Pa. 375, 825 A.2d 630 (2003). Thus, the court reviewed Appellant's claims under the traditional, three-part test for ineffectiveness, *see supra* note 1, including the requirement to establish actual prejudice, finding that Appellant was not entitled to relief. *See Halley,* 839 A.2d at 396–98.

We allowed appeal to consider Appellant's argument that presumed prejudice should pertain.[2] In this regard, Appellant's present arguments track those that he asserted in the Superior Court. The Commonwealth, on the other hand, contends that the Superior Court should not have addressed Appellant's position concerning presumed prejudice, because it was not raised before the PCRA court. Therefore, the Com-

2. On consideration of an order denying post-conviction relief, the appellate review centers on an examination of whether the evidence of record supports the PCRA court's ruling and whether such ruling is free from legal error. *See Commonwealth v. Carpenter,* 555 Pa. 434, 445, 725 A.2d 154, 159–60 (1999).

monwealth views that position as waived. Alternatively, the
Commonwealth argues that presumed prejudice is inappropri-
ate in the present context. The Commonwealth posits that
the Court should be guided by its prior decision in *Common-
wealth v. Johnson,* 565 Pa. 51, 771 A.2d 751 (2001) (plurality),
in which a plurality of Justices applied the three-pronged
ineffectiveness test in spite of a contention that counsel was
ineffective for failing to preserve certain claims in a 1925(b)
statement. The Commonwealth acknowledges that, in *John-
son,* the appellant was not completely denied a direct appeal
because other issues were preserved in the 1925(b) statement.
Nevertheless, the Commonwealth argues that this represents
a distinction without a difference. Further, the Common-
wealth endorses the Superior Court's rationale centered on
the fact that Appellant was permitted to avail himself of the
direct appeal procedure, albeit that waiver was ultimately
invoked to foreclose merits review.

At the outset, we reject the Commonwealth's assertion
of waiver relative to Appellant's present position by virtue of
his asserted failure to advance it in his post-conviction peti-
tion. Appellant's petition contained the allegation that:

> The petitioner was prejudiced as a result of trial counsel's
> failure to preserve issues for appellate review by complying
> with the trial court's Order directing the filing of a State-
> ment of Matters Complained of on Appeal since he was
> denied appellate review of this issue.

Petition for Relief Under the Post Conviction Relief Act With
Consolidated Memorandum of Law at ¶ 61. The claim that
denial of merits review on direct appeal on account of coun-
sel's deficient stewardship constitutes prejudice is, for all
intents and purposes, the functional equivalent of the pre-
sumed prejudice concept considered in *Lantzy.* Moreover, in
advancing the claim that post-conviction relief is appropriate
where the petitioner establishes that he has been denied
appellate review as a result of his counsel's actions, Appellant
cited *Commonwealth v. Hernandez,* 755 A.2d 1 (Pa.Su-
per.2000), *aff'd in part,* 572 Pa. 477, 817 A.2d 479 (2003), which
discusses the concept of presumed prejudice and *Lantzy* at

length. *See id.* at 5–9. Under the circumstances, although Appellant's position before the common pleas court was wanting in terms of the development which has later occurred on appellate review, we find that it was within the Superior Court's prerogative to treat the issue as preserved.

■ On the merits, extension of *Lantzy* from the situation entailing the failure to file a requested direct appeal to the circumstance involving the failure to file a Rule 1925(b) statement represents but a modest and incremental step. Indeed, while certainly the holding of any decision is to be read against the facts, *Lantzy's* reasoning expressly subsumed not only the unjustified failure to file a requested direct appeal, but also, the failure to perfect the appeal. *See Lantzy,* 558 Pa. at 225, 736 A.2d at 571 (indicating that "a failure to file *or perfect* such an appeal results in a denial so fundamental as to constitute prejudice *per se* " (emphasis added)). Since *Lord* establishes that the submission of a court-ordered Rule 1925(b) statement is a prerequisite to appellate merits review, *see Lord,* 553 Pa. at 417–20, 719 A.2d at 307–09,[3] the Rule 1925(b) statement (when directed) is elemental to an effective perfection of the appeal. *See* BLACK'S LAW DICTIONARY 1173 (8th ed.2004) (defining the act of perfecting as "tak[ing] all [the] legal steps necessary to complete, secure, or record a claim, right, or interest"). Thus, *Lantzy's* reasoning applies by its terms to counsel's dereliction in this case, which left Appellant without an ability to challenge his conviction and sentence by means of the direct appeal. *Accord Roe v. Flores–Ortega,* 528 U.S. 470, 484, 120 S.Ct. 1029, 1039, 145 L.Ed.2d 985 (2000) (indicating that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal").[4]

3. This Court has allowed appeal in *Commonwealth v. Schofield,* 580 Pa. 4, 858 A.2d 1157 (2004), to reconsider *Lord's* strict waiver rule. Unless and until the Court modifies *Lord's* holding, however, it remains controlling law.

4. *See also Johnson v. Champion,* 288 F.3d 1215, 1230 (10th Cir.2002) (explaining that "the negligent failure to perfect an appeal 'amount[s] to

 We are also not persuaded by the Superior Court's and the Commonwealth's efforts to equate the present circumstances with situations in which a Rule 1925(b) statement is filed, but the statement is later alleged to have omitted meritorious issues. In this regard, it is well established that the decision whether to presume prejudice or to require an appellant to demonstrate actual prejudice "turns on the magnitude of the deprivation of the right to effective assistance of counsel." *Flores–Ortega,* 528 U.S. at 482, 120 S.Ct. at 1037. As we observed in *Lantzy,* the failure to perfect a requested direct appeal is the functional equivalent of having no repre-

a complete denial of assistance of counsel during a critical stage' of the criminal proceedings" (citation omitted)); *McHale v. United States,* 175 F.3d 115, 119 (2d Cir.1999) (holding that where counsel has failed to file or perfect an appeal despite the defendant's request, "it is clear that the [defendant] need not demonstrate that, but for the ineffectiveness of counsel, such an appeal would have succeeded or even would have merit"); *Jones v. Cowley,* 28 F.3d 1067, 1073 (10th Cir.1994) (holding that prejudice should be presumed where counsel filed notice of appeal but failed to perfect the direct appeal); *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir.1992) (appellate counsel's failure to perfect an appeal created "no doubt that the appellant here was deprived of his constitutional right to appeal because of the dereliction of counsel [and appellant] does not have to show that there are meritorious issues to be appealed"); *Edwards v. United States,* 246 F.Supp.2d 911, 915 (E.D.Tenn.2003) ("Prejudice is presumed in cases where counsel initially files an appeal but later fails to prosecute the appeal, causing it to be dismissed."); *Wallace v. State,* 121 S.W.3d 652, 660 (Tenn.2003) (counsel's inaction resulting in a waiver of all issues on appeal was presumptively prejudicial); *People v. Rivera,* 342 Ill.App.3d 547, 277 Ill.Dec. 348, 795 N.E.2d 1016, 1019 (2003) ("A defendant whose lawyer fails to perfect an appeal does not have to show prejudice beyond the fact that he lost his right to appeal."); *Langston v. State,* 341 Ark. 739, 19 S.W.3d 619, 621 (2000) ("There is a presumption of prejudice arising from the failure of counsel to perfect an appeal if counsel's deficient performance led to the forfeiture of the convicted defendant's right to pursue a direct appeal."); *State v. Trotter,* 259 Neb. 212, 609 N.W.2d 33 (2000) (counsel's failure to perfect appeal, after filing notice of appeal, constituted prejudice *per se* ). *Cf. Evitts v. Lucey,* 469 U.S. 387, 399–400, 105 S.Ct. 830, 838, 83 L.Ed.2d 821 (1985) ("A system of appeal as of right is established precisely to assure that only those who are validly convicted have their freedom drastically curtailed. A State may not extinguish this right because another right of the appellant—the right to effective assistance of counsel—has been violated.").

We also observe that counsel's dereliction in the context of a failure to file a court-ordered Rule 1925(b) statement, in contrast with the failure to file a requested direct appeal, is contemptuous relative to the court's power.

sentation at all. *Id.* at 225, 736 A.2d at 571 (citing *Evitts,* 469 U.S. at 394 n. 6, 105 S.Ct. at 835 n. 6 (1985)); *see also Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (holding that the complete denial of counsel on direct appeal requires a finding of prejudice). The difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption in the more extreme instance. *Accord Hernandez,* 755 A.2d at 9 n. 4 ("[A] PCRA petitioner is entitled to an appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal."). Furthermore, the limiting principle arising from the recognition of such difference in degree addresses the Superior Court's concern that the presumption should not extend to every circumstance in which a defendant may claim no effective appeal.

We hold that the failure to file a Rule 1925(b) statement on behalf of a criminal defendant seeking to appeal his conviction and/or sentence, resulting in a waiver of all claims asserted on direct appeal, represents the sort of actual or constructive denial of assistance of counsel falling within the narrow category of circumstances in which prejudice is legally presumed. As indicated in *Lantzy,* the remedy for the deprivation of the fundamental right to appeal is its restoration. *See Lantzy,* 558 Pa. at 228, 736 A.2d at 572–73.[5]

The order of the Superior Court is reversed, and the case is remanded for reinstatement of Appellant's entitlement to pursue a direct appeal.

---

**5.** We are cognizant that both the PCRA court and the Superior Court have conducted merits review of Appellant's underlying claims and found no basis for relief. Although our decision here will thus result in duplicative review in Appellant's particular circumstance, the necessary review does not appear to be burdensome, and this case was not selected to determine whether an alternative procedure might serve as an adequate substitute to vindicate a criminal defendant's constitutionally guaranteed right to a direct appeal. *See* PA. CONST. art. V, § 9.