**AND NOW,** this 26th day of August 2005, the Petition for Allowance of Appeal is GRANTED. The parties are directed to brief the following issue:

Whether a municipal police officer has authority under the Municipal Police Jurisdiction Act, 42 Pa.C.S. § 8951 *et seq.,* to conduct an extraterritorial arrest of a motorist or implement the Implied Consent Law where the officer has no grounds for arrest or probable cause in the officer's own jurisdiction but grounds for arrest arise after the officer leaves his jurisdiction in pursuit of the motorist.

■

**L.A.'S HAIRTRENDS, INC., Respondent**

v.

**Gina TOMAN, Formerly known as Gina Krepak, Rebecca Howze, Formerly known as Rebecca Lichtenwalner and Luann Horvath, t/d/b/a The Plaza Salon, Petitioners.**

Supreme Court of Pennsylvania.

Aug. 26, 2005.

## ORDER

PER CURIAM.

**AND NOW,** this 26th day of August 2005, the Petition for Allowance of Appeal is hereby **STAYED** with respect to Gina Toman, formerly known as Gina Krepak, due to her filing of a Petition for Bankruptcy in the U.S. Bankruptcy Court of the Eastern District of Pennsylvania at Docket No. 04–26257.

The Petition for Allowance of Appeal is hereby **DENIED** with respect to all other Petitioners.

■

**COMMONWEALTH of Pennsylvania, Respondent**

v.

**Andre Lamont CROMWELL, Petitioner.**

Supreme Court of Pennsylvania.

Aug. 26, 2005.

## ORDER

PER CURIAM.

**AND NOW,** this 26th day of August 2005, the Petition for Allowance of Appeal is GRANTED. The decision of the Supe-

rior Court is REVERSED pursuant to *Commonwealth v. Halley*, 870 A.2d 795 (Pa.2005), due to prior counsels' failure to file a Pa.R.A.P. 1925(b) statement, which resulted in a waiver of all of petitioner's direct appeal claims. This matter is REMANDED to the PCRA court for reinstatement of petitioner's direct appellate rights.