J-S23019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VINCENT TALLEY | |
| Appellant | No. 1784 EDA 2015 |

Appeal from the PCRA Order May 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0610101-1999

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED MAY 03, 2016**

Vincent Talley appeals *pro se* from the order entered on May 18, 2015, in the Court of Common Pleas of Philadelphia County, that dismissed as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Talley contends 1) the PCRA court erred by denying review on the merits of his issues on the basis that the PCRA petition was time-barred, 2) his mandatory sentence of life imprisonment without the possibility of parole (LWOP) violates Article I, §§ 1, 9 and  13 of the Pennsylvania Constitution and the Eighth and Fourteenth Amendments to the United States Constitution, and 3) his mandatory sentence of LWOP is unconstitutional  under  Article  I,  §§  1,  9,  and  13  of  the  Pennsylvania

---

[*] Former Justice specially assigned to the Superior Court.

Constitution and the Eighth and Fourteenth Amendments to the United States Constitution because two classes of prisoners sentenced to mandatory LWOP are treated differently. Based upon ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016), and ***Commonwealth v. Secreti***, ___ A.3d ___ [2016 PA Super 28] (Pa. Super. 2016), we reverse the order entered by the PCRA court, vacate the judgment of sentence, and remand for further proceedings consistent with this memorandum.

On May 17, 2000, a jury convicted Talley of second degree murder, a violation of the Uniform Firearms Act, and possessing an instrument of crime.[1] Talley was 17 years old when he committed the murder. The trial court sentenced Talley to a mandatory term of life imprisonment without the possibility of parole. This Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal on March 30, 2004. ***Commonwealth v. Talley***, 817 A.2d 1185 (Pa. Super. 2002), *appeal denied*, 847 A.2d 1284 (Pa. 2004).

Talley filed a *pro se* PCRA petition on December 6, 2004. Counsel was appointed, and an amended petition was filed on October 27, 2006. The PCRA court dismissed the petition on May 11, 2007.

Talley filed the present, second, PCRA petition on July 6, 2010, raising a claim pursuant to ***Graham v. Florida***, 130 S. Ct. 2011 (2010). On August

---

[1] 18 Pa.C.S. §§ 2502(b), 6106, and 907, respectively.

15, 2012, Talley amended his petition to assert a new constitutional right recognized on June 25, 2012, in **Miller v. Alabama**, 132 S. Ct. 2455 (2012) (prohibiting mandatory sentences of LWOP for juvenile offenders). On December 24, 2013, Talley filed a second amendment to his petition, alternatively seeking *habeas corpus* relief on the basis of **Miller**.

On June 18, 2014, pursuant to Pa.R.Crim.P. 907, the PCRA court filed a notice of intent to dismiss Talley's PCRA petition and request for *habeas corpus* relief. On May 18, 2015, the PCRA court concluded that the request for *habeas corpus* relief was cognizable under the PCRA, and denied the PCRA petition as untimely based on **Commonwealth v. Cunnningham**, 81 A.3d 1 (Pa. 2013) (holding **Miller** did not create a new constitutional right that applies retroactively). **See** PCRA Court Order and Memorandum, 5/18/2015. On June 12, 2015, Talley filed this appeal.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). We apply a *de novo* standard of review and a plenary scope of review to challenges involving questions of law. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012).

The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.3d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies.[2] Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Talley's judgment of sentence became final in 2004. As Talley filed the present petition in 2010, this petition is patently untimely unless he pleads

---

[2] Specifically, the exceptions to the PCRA's timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(i)-(iii).

and proves an exception to the PCRA's time bar. Talley claims that his petition is timely under the newly-recognized constitutional rights exception set forth at 42 Pa.C.S. § 9545(b)(1)(iii). To properly invoke this exception, Tallley must show that he filed his petition within 60 days of the date on which the court filed the new decision. 42 Pa.C.S. § 9545(b)(2). Here, Talley satisfied the 60-day prerequisite since he filed his amended petition on August 15, 2012, and the United States Supreme Court issued its decision in **Miller** on June 25, 2012.

Talley's claims based on **Miller** implicate the holding of the United States Supreme Court's recent decision in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), which was filed January 25, 2016, while Talley's appeal was pending in this Court. In **Montgomery**, the United States Supreme Court held that its decision in **Miller** applies retroactively in cases on collateral review. In view of **Montgomery**, we conclude that Talley has satisfied the newly-recognized constitutional rights exception found in § 9545(b)(1)(iii).

Accordingly, we reverse the order dismissing Talley's petition, vacate the judgment of sentence, and remand this matter for re-sentencing. **See Secreti, supra** (holding that where a PCRA petitioner properly raised a **Miller** claim within 60 days of that decision, **Miller** applies retroactively; the petitioner's sentence is unconstitutional under **Miller**; and the petitioner is entitled to a new sentencing hearing). **See also Commonwealth v. Batts**,

66 A.3d 286, 295-297 (Pa. 2013) (identifying factors to be considered in sentencing juvenile homicide defendants).

Order reversed. Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2016