J-S63016-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BOBBY LAMONT FLETCHER | |
| Appellant | No. 1813 WDA 2016 |

Appeal from the PCRA Order Dated November 22, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004643-2009

BEFORE: BOWES, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SOLANO, J.:                    FILED DECEMBER 22, 2017

Appellant Bobby Lamont Fletcher appeals from the order dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The facts and procedural history of this case have been fully and correctly set forth in the trial court's opinion dated October 5, 2012, this Court's opinion on direct appeal dated May 23, 2013, and the PCRA court's opinion dated February 17, 2017. See Commonwealth v. Fletcher, No. CP-02-CR-00046432009, 2012 WL 9515397 at *1 (C.C.P. Allegheny, Oct. 5, 2012); Commonwealth v. Fletcher, No. 886 WDA 2012 (Pa. Super.), appeal denied, 77 A.3d 1259 (Pa. 2013); PCRA Ct. Op. at 1-3. Thus, we have no reason to restate them at length here.

For the convenience of the reader, we note briefly that, "[o]n October 2, 2008, City of Pittsburgh police officers were working an

undercover surveillance of a pharmacy parking lot." PCRA Ct. Op. at 1. As part of the undercover operation, one of the officers had detained a Buick, and, as he approached the automobile, he observed in plain view a bag of marijuana in the console near Appellant's right hand and the butt of a semi-automatic weapon in the pocket of Appellant's hooded sweatshirt. Id. at 1-2. Appellant "then started his car, swerved the car towards the officer, and hit the rear driver's side of the police vehicle, pushing the car out of the way and deflating the police car's rear tire." Id. at 2; see also Fletcher, 2012 WL 9515397 at *1. "When police recovered the Buick, they found [Appellant]'s cell phone . . . and the 3.7 grams of marijuana that the officer saw on the middle console." PCRA Ct. Op. at 2; see also Fletcher, 2012 WL 9515397 at *1; N.T. Trial at 26, 65.

In October 2009, the Buick was removed from the Pittsburgh Police impound lot and transferred to Yurechko Auto Services. Appellant's Brief at 23-24; Commonwealth's Brief at 11. The automobile was destroyed when Appellant failed to claim it within thirty days. Id.

Following a bench trial, on November 9, 2011, Appellant was convicted of aggravated assault, possession of marijuana, and failing to stop following an accident involving damage to an unattended vehicle or property.[1] On January 18, 2012, Appellant was sentenced to 6-12 years' confinement.

_____

[1] 18 Pa.C.S. § 2702(a)(2), 35 P.S. § 780-113(a)(31), and 75 Pa.C.S. § 3745(a), respectively.

- 2 -

On April 2, 2014, following his unsuccessful direct appeal from his conviction, Appellant filed a timely PCRA petition.[2]  On November 22, 2016, the PCRA court entered a notice of its intent to dismiss the petition. Appellant did not file a response to the notice, and, on November 22, 2016, the PCRA court dismissed Appellant's PCRA petition.  On November 30, 2016, Appellant filed a notice of appeal to this Court.

Appellant now raises the following issue for this Court's review, which we repeat verbatim:

> Whether the [PCRA] court erred when it concluded Appellant's due process rights were not violated finding the police did not act in bad faith when they failed to p[re]serve potential exculpatory evidence?

Appellant's Brief at 5.

Our standard of review of an order dismissing a petition under the PCRA requires that we determinate whether the order is supported by the evidence of record and is free of legal error.  Commonwealth v. Halley, 870 A.2d 795, 799 n.2 (Pa. 2005).  "The findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given great deference."  Commonwealth v. Johnson, 966 A.2d 523, 532 (Pa. 2009).

_____

[2] In his direct appeal, Appellant's petition for allowance of an appeal to the Supreme Court of Pennsylvania had been denied on October 23, 2013.  77 A.3d 1259 (Pa. 2013).  Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final.  42 Pa.C.S. § 9545(b)(1).

Appellant contends that the PCRA court "erred when it concluded [his] due process rights were not violated finding the police did not act in bad faith when they failed to p[re]serve potential exculpatory evidence" – specifically, "his 1992 Buick Regal." Appellant's Brief at 20. Appellant argues:

> Appellant can establish his vehicle was potential exculpatory evidence because had the vehicle been subjected to testing the results may have exonerated [him] and because he was not driving the vehicle on October 2, 2008 when the crime was committed as the vehicle had been stolen from his work a few weeks prior. . . . Appellant received no information on the location of his vehicle beyond the Criminal Complaint which details the police placed the vehicle on an investigative hold and had it towed.

Id. at 22-23.[3]

After careful review of the parties' briefs, the record, and the well-reasoned decision of the Honorable Kathleen A. Durkin, we agree with the PCRA court's analysis, as follows:

> The law is clear in this Commonwealth that "bad faith is required for a due process violation where merely potentially useful evidence is destroyed, no matter how useful to the prosecution." Commonwealth v. Snyder, 963 A.2d 396, 404 (Pa. 2009). Bad faith is shown where evidence is discarded under circumstances "in which the police themselves by their conduct

_____

[3] In his brief to this Court, Appellant cites to Commonwealth v. Keffer, No. 1389 WDA 2014 (Pa. Super. Jan. 13, 2014), and Commonwealth v. Fowler, 2014 WL 10920192 (Pa. Super. May 9, 2014), in support of his argument that the police acted in bad faith and that his due process rights were violated. Appellant's Brief at 21-22. However, both of these cases are non-precedential, unpublished decisions, which, under this Court's internal operating procedures, "shall not be relied upon or cited by a Court or a party in any other action or proceeding," except in limited circumstances not applicable here. See 210 Pa. Code § 65.37(A).

> indicate that the evidence could form a basis for exonerating the defendant." Arizona v. Youngblood, 488 U.S. 51, 58 (1988). The [PCRA c]ourt does not see how the destroyed Buick could form a basis for exonerating [Appellant] in light of the Commonwealth's evidence introduced at trial.

PCRA Ct. Op. at 3.

Appellant has not shown bad faith. The mere fact that Appellant did not know the location of his vehicle once it had been towed and prior to its destruction does not demonstrate bad faith or that the police demolished the automobile in order to prevent exculpatory evidence from emerging. See Appellant's Brief at 23. Nor, in light of the evidence that supported Appellant's conviction, has Appellant shown that the Buick could have exonerated him. The evidence was that the officer saw him driving the vehicle at the time of the crime. Accordingly, we conclude that the order dismissing Appellant's PCRA petition is supported by the evidence of record and is free of legal error, and we therefore affirm. See Halley, 870 A.2d at 799 n.2.

Order affirmed.

Judge Bowes joins the memorandum.

President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2017