J-S76012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY COLEMAN | : | |
| | : | No. 3276 EDA 2016 |
| Appellant | : | |

Appeal from the PCRA Order September 19, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0505261-1990
CP-51-CR-0920731-1990

BEFORE:   PANELLA, J., STABILE, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 18, 2018**

Troy Coleman appeals *pro se* from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). He argues the PCRA court erred in finding he failed to establish an exception to the PCRA's time-bar. We affirm.

A jury convicted Coleman of, among other crimes, murder of the second degree for killing Kevin Jones. The court sentenced Coleman to life in prison for this conviction. In this, his third PCRA petition, Coleman argues a primary Commonwealth witness, Darren Johnson, has recanted his testimony. The

_____

[*] Retired Senior Judge assigned to the Superior Court.

PCRA court found this recantation did not satisfy any of the exceptions to the PCRA's time-bar, and Coleman filed this timely appeal.

We review an order dismissing a petition under the PCRA by examining whether the court's determination is supported by the evidence of record and is free of legal error. *See Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005).

The timeliness of a PCRA petition is jurisdictional. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory "exceptions must be filed within sixty days of the date the claims could have been presented." *Hernandez*, 79 A.3d at 652 (citing 42 Pa.C.S.A. § 9545(b)(2)).

Coleman's petition is clearly facially untimely, as his previous petition was dismissed on timeliness grounds. *See Commonwealth v. Coleman*, 119 EDA 2012 (Pa. Super., filed 4/30/13) (unpublished memorandum). He does not argue otherwise in his brief, but contends that timeliness exceptions apply.

In his first issue, Coleman claims the court erred in finding he had not established the application of the newly discovered evidence exception, § 9545(b)(1)(ii). The basis of his claim is Johnson's recantation.

Coleman raised the same claim in his first PCRA petition, filed in 1997, and then again in his second PCRA petition, filed in 2006. ***See Coleman***, 119 EDA 2012, at 7. Upon reviewing the dismissal of Coleman's second petition, this Court noted that a new affidavit from Johnson did not satisfy the "newly-discovered facts" exception to the PCRA's time-bar, as it was "merely another conduit for the same claim [Coleman] presented in 1998." ***Id***., at 8 (citation omitted).

Coleman now argues that a DVD recording of Johnson's recantation satisfies the "newly discovered facts" exception. Once again, however, the DVD is merely another conduit for the same old claim that Johnson perjured himself at Coleman's trial. Thus, it is a "newly discovered or newly willing source for previously known facts," and cannot qualify as newly discovered evidence. ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation omitted).

Coleman also argues Johnson's recantation satisfies the government interference exception to the PCRA's time-bar, § 9545(b)(1)(i). The basis for this claim is that "Johnson was threatened with criminal prosecution if he took the stand and revealed the information in his then affidavit" during hearings on Coleman's first PCRA petition. Appellant's Brief, at 13. Coleman already litigated this issue and lost. ***See Coleman***, 119 EDA 2012, at 10. It therefore cannot form the basis for relief now. ***See*** 42 Pa.C.S.A. § 9544(a)(3).

As Coleman has failed to establish any error on the part of the PCRA court, we affirm the order dismissing his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/18/18