J-S39019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| REVOLUTION HELUMUMBA WASHINGTON | |
| Appellant | No. 1981 EDA 2018 |

Appeal from the PCRA Order entered May 30, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0005235-2010

BEFORE: GANTMAN, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 11, 2019**

The Commonwealth of Pennsylvania ("Commonwealth") appeals from the May 30, 2018 order entered in the Court of Common Pleas of Delaware County, granting collateral relief pursuant to the Post Conviction Relief Act ("PCRA")[1] to Appellee, Revolution Helumumba Washington ("Washington"), and reinstating his right to file post-sentence motions *nunc pro tunc*. The Commonwealth asserts the PCRA court erred by reinstating Washington's right to file post-sentence motions based on trial counsel's ineffectiveness and contends the court should have limited relief to reinstating Washington's right

_____

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

to a direct appeal based on appellate counsel's ineffectiveness. Upon review, we agree. Therefore, we vacate the May 30, 2018 order.

In its Rule 1925(a) opinion, the PCRA court provided the following factual and procedural history:

On September 16, 2010 [Washington] was arraigned on aggravated assault and related offenses in connection with a bizarre incident that occurred on June 5, 2010 where [Washington] was discovered asleep or unconscious behind the wheel of a car that was in gear in the middle of an intersection at 1301 Honon Street in Chester, Pennsylvania.

When Chester City Police Sergeant Charles Fell knocked on the driver's side window, [Washington] awoke but let his foot slip off the brake pedal such that the vehicle began to roll. Apparently, then aroused from slumber [Washington] attempted to drive away from the scene. However, other responding officers had arrived on the scene including Officer Benozich who had to dive out of the way of [Washington] as he accelerated his car away from the scene. Sergeant Fell then chased [Washington] speeding through the extremely narrow car[-]lined side streets and roadways of the Chester City.

Additional officers gave chase to [Washington] as he drove into an alley way through barriers and through a fence into an enclosed area. [Washington] was boxed in and began to drive his vehicle in tight circles ("donuts") until he attempted to bail out and make a run for it. Officers closed in on him and he retreated back into the vehicle at which point multiple officers intervened. Officers Benozich and Sheppleman dragged him kicking and screaming out of his car. Even more officers were required to subdue [Washington]. It is from these events [Washington's] charges and convictions arise.

On May 3, 2011 the Commonwealth amended the criminal informations identifying officer Stephen Sheppleman rather than Sgt. Charles Fell as the victim in connection with Count One (1) (aggravated assault). The Commonwealth proceeded to trial on Counts one (1) through (3) of the criminal informations. The Commonwealth withdrew [additional charges].

- 2 -

After jury trial conducted between May 3, 2011 and May 5, 2011 [Washington] was found guilty of two (2) counts of aggravated assault on law enforcement 18 Pa.C.S.A. § 2702[(a)] and one count of fleeing or attempting to elude an officer 75 Pa.C.S.A. § 3733[(a)]. On July 14, 2011 [Washington] was sentenced to consecutive sentences on his convictions including incarceration for 33 to 120 months on count one aggravated assault, 33 to 120 months consecutive on the second count of aggravated assault on a law enforcement officer, and 21 months to 84 months incarceration on conviction of fleeing or attempting to elude an officer.

[Washington's] aggregate sentence of incarceration was for a period of not less than 87 months to not more than 324 months. At sentencing [Washington] completed a statement of post-sentence rights form in addition to an oral colloquy before the court. On July 21, 2011 [Washington] filed counseled post-sentence motions to modify his sentence, in arrest of judgment and a motion for new trial. On July 25, 2011 [Washington's] post-sentence motions were denied.

On August 4, 2011 [Washington] filed a Notice of Appeal to the Pennsylvania Superior Court to counsel (*sic*). On August 5, 2011 [Washington] was ordered to file a concise statement of matters complained of. On August 10, 2011 [Washington] filed a counseled statement of matters complained of on appeal. On October 21, 2011 the trial court filed its 1925(a) opinion. On [September 18, 2012] the Pennsylvania Superior Court affirmed [Washington's] convictions and judgment of sentence.[10]

[10] The issues on [Washington's] direct appeal were directed to the alleged "improper" or "late" amendment by the Commonwealth of the criminal informations to substitute Officer Sheppleman rather than Sergeant Benozich as the victim in count I in derogation of the Pa.R.Crim.P. Also, [Washington] challenged the trial court's factual findings on grounds the court contradicted the jury's findings. Lastly, [Washington] challenged the propriety of his sentence. The Pennsylvania Superior Court affirmed [Washington's] convictions and sentence.

On January 31, 2013 [Washington] filed an uncounseled [PCRA] *pro se* petition[. Counsel was appointed and filed an amended PCRA petition on December 4, 2014. The Commonwealth filed an answer on June 25, 2015. After Washington filed a supplemental amended PCRA petition on January 26, 2017, the Commonwealth

filed a response on April 5, 2017. A hearing was held on June 27, 2017, after which Washington filed a letter brief in support of his petition and the Commonwealth filed an answer.]

On May 31, 2018 the PCRA court granted [Washington] PCRA relief reinstating *nunc pro tunc* [his] right to file a motion for reconsideration of the denial of post-sentence motions fully informed by the completely transcribed record[2] and challenging the discretionary aspects of the sentence.

PCRA Court Rule 1925(a) Opinion 12/3/18, at 5-9 (additional footnote omitted).

The Commonwealth filed a motion to vacate and, subsequently, a timely notice of appeal to this Court. Both the Commonwealth and the PCRA court complied with Pa.R.A.P. 1925.

The Commonwealth asks us to consider two issues:

[1.] Trial counsel filed and litigated a post-sentence motion to modify sentence raising every non-frivolous argument that the sentence was "harsh and excessive." The trial court denied the motion. Did the PCRA court err by granting relief in the form of reinstating the right to file a motion to modify sentence when the petitioner failed to show that trial counsel was ineffective?

[2.] Appellate counsel filed a brief that waived all issues on direct appeal. Was the petitioner entitled to reinstatement of his direct appellate rights *nunc pro tunc* as a result of appellate counsel's ineffectiveness?

Commonwealth Brief at 2-3.

---

[2] The transcript in question from May 3, 2011 was transcribed in the course of PCRA proceedings and reflects trial counsel's objection to the substitution of one officer for another as a victim in the informations. Transcript, 5/3/11, at 3-5. When the trial court issued its Rule 1925(a) opinion on direct appeal, the court mistakenly recalled that trial counsel did not object to the substitution of the victim's name. Trial Court Opinion, 10/21/11, at 3.

Our standard of review from a PCRA court's determination is well settled. "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). With regard to the scope of our review, we are "limited to the findings of the PCRA court and the evidence of record," viewed in the light most favorable to party who prevailed before the PCRA court. **Id.** (citation omitted).

In its first issue, the Commonwealth argues PCRA court error for reinstating Washington's right to file a post-sentence motion for reconsideration of sentence. The Commonwealth contends trial counsel filed a post-sentence motion to modify in which counsel raised "every non-frivolous argument . . . that the sentence was 'harsh and excessive.'" Commonwealth Brief at 14. The record reflects that trial counsel did, in fact, file a post-sentence motion raising several challenges to the sentences imposed. Post-Sentence Motion to Modify Sentence, 7/21/11, at ¶ 4. The trial court denied the motion, finding Washington's long criminal history warranted sentences in the aggravated range. **See** Trial Court Opinion, 10/21/11, at 7-9.

Washington appealed and raised four claimed errors in his Rule 1925(b) statement. They included a claim of error for permitting an amendment of the criminal information immediately prior to trial, substituting the name of one officer for another as a victim; two claims of error relating to the

consecutive sentences imposed, including a claim the sentence was excessive; and a claim of error for denying Washington's request for a hearing to refute statements made by an officer at Washington's sentencing hearing. Rule 1925(b) Statement, 8/18/11, at ¶¶ 1-4.

In the brief filed with this Court, direct appeal counsel abandoned the errors asserted in Washington's Rule 1925(b) statement and instead claimed, for the first time, that the trial court failed to state on the record the reasons for the sentences imposed.[3] Because that claim was not preserved either at sentencing or in Washington's post-sentence motion, as required for a discretionary aspect of sentence claim, we found the issue waived and affirmed Washington's judgment of sentence. **Commonwealth v. Washington**, 2084 EDA 2011, unpublished memorandum at 4-5 (Pa. Super. filed 9/18/12) (citing **Commonwealth v. Messersmith**, 860 A.2d 1078, 1096 (Pa. Super. 2004)).

The Commonwealth claims the PCRA court erred in finding trial counsel ineffective, arguing that only direct appeal counsel was ineffective and, as a result, the PCRA court should not have reinstated Washington's right to file a post-sentence motion *nunc pro tunc*. In its opinion, the PCRA court determined that reinstating Washington's right to file a post-sentence motion

_____

[3] The 1925(b) statement was filed by trial counsel before he was granted permission to withdraw by this Court. Following his withdrawal, direct appeal counsel was appointed. We note the trial court did state reasons for the sentence imposed. **See** Notes of Testimony, 7/14/11, at 51-52.

"more appropriately remediates the lapses due to the record that wasn't transcribed and counsel's ineffectiveness." PCRA Court Opinion, 12/3/18, at 2. "[A] PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel." ***Id.*** (citing **Commonwealth v. Liston**, 977 A.2d 1089, 1094 n. 9 (Pa. 2009)). In **Liston**, our Supreme Court reversed a decision by a panel of this Court that determined "all defendants who have been granted the right to file an appeal *nunc pro tunc* also must be granted an *automatic right* to file post-sentence motions *nunc pro tunc*." ***Id.*** at 1093 (emphasis in original). In the cited footnote, our Supreme Court explained:

> Our holding should not be construed as prohibiting a PCRA court from reinstating a defendant's right to file post-sentence motions *nunc pro tunc.* If a defendant successfully pleads and proves that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel, a PCRA court is free to grant such relief. Presumably, since post-sentence motions are optional, *see* Pa.R.Crim.P. 720(B), rarely will counsel be deemed to have been ineffective for failing to file them except, for example, when the claim involves the discretionary aspects of sentence or a challenge to a verdict on weight of the evidence grounds, claims which must be raised in the trial court to be preserved for purposes of appellate review.

***Id.*** at 1094 n.9.

As explained above, trial counsel did file a post-sentence motion that included the challenges to discretionary aspects of sentence. Washington's contention that counsel failed to preserve a "harsh, excessive sentence" claim in the post-sentence motion is belied by the record. ***See*** Post-Sentence

Motion, 7/21/11, at ¶ 4. Moreover, the challenges to the discretionary aspects of sentence were included in Washington's Rule 1925(b) Statement. **See** Statement of Matters Complained of on Appeal, 8/18/11, at ¶ 3. Washington's remaining claims of trial court ineffectiveness involved issues that were not required to be preserved in a post-sentence motion and were, therefore, not waived on direct appeal. Under the circumstances, therefore, it was not appropriate for the PCRA court to grant Washington the opportunity to file post-sentence motions *nunc pro tunc*. **See Liston**, 977 A.2d at 1093-94. We agree with the Commonwealth that it was error for the court to do so.

In his second issue, the Commonwealth asks whether Washington was entitled to reinstatement of his direct appeal rights *nunc pro tunc* in light of the ineffectiveness of direct appeal counsel. In fact, the Commonwealth concedes Washington is entitled to reinstatement of those direct appeal rights. As explained above, direct appeal counsel filed a brief with this Court in which he abandoned the errors asserted in Washington's Rule 1925(b) statement and instead claimed, for the first time, that the trial court failed to state on the record the reasons for the sentences imposed.[4] Because that claim was not preserved either at sentencing or in Washington's post-sentence motion, as required for a discretionary aspect of sentence claim, we found the issue

---

[4] **See** n. 3, supra.

- 8 -

waived and we affirmed Washington's judgment of sentence. ***Commonwealth v. Washington***, 2084 EDA 2011, unpublished memorandum at 4-5 (Pa. Super. filed 9/18/12) (citing ***Commonwealth v. Messersmith***, 860 A.2d 1078, 1096 (Pa. Super. 2004)).

In ***Commonwealth v. Pulanco***, 954 A.2d 639 (Pa. Super. 2008), this Court recognized that a petitioner's direct appeal rights may be reinstated *nunc pro tunc* when prior counsel caused his sole direct appellate claim to be waived. ***Id.*** at 642 (citing, *inter alia*, ***Commonwealth v. Halley***, 870 A.2d 795, 801 (Pa. 2005), in turn citing ***Hernandez***, 755 A.2d 1, 9 n.4 (Pa. Super. 2000) ("[A] PCRA petitioner is entitled to an appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal.")).

In the instant case, direct appeal counsel waived the only issue raised in the brief filed with this Court. In his PCRA filings, Washington raised the issue of direct appeal counsel's ineffectiveness. ***See, e.g.***, Amended Petition for PCRA Relief, 12/4/14, at ¶¶ 16, 17 and 25. In accordance with this Court's holding in ***Pulanco***, we agree that Washington is entitled to reinstatement of his direct appeal rights *nunc pro tunc*, but limited to the issues preserved in his post-sentence motions and his Rule 1925(b) statement.

Because we find that Washington is entitled to reinstatement of his direct appeal rights *nunc pro tunc* but not reinstatement of his right to file post-sentence motions *nunc pro tunc*, we vacate the order of the PCRA court and remand for the PCRA court to reinstate Washington's direct appeal rights *nunc pro tunc*, but limited to the issues preserved in his post-sentence motions and his Rule 1925(b) statement.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/19