J-S50014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEFFONE SPANN | : | |
| | : | |
| Appellant | : | No. 2280 EDA 2019 |

Appeal from the PCRA Order Entered July 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011532-2013

BEFORE: BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: MARCH 8, 2021**

Appellant, Steffone Spann, appeals from the post-conviction court's July 23, 2019 order denying his timely-filed petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant claims his trial counsel acted ineffectively by waiving all of his issues on direct appeal, and by not presenting alibi testimony at trial. After careful review, we vacate the order denying Appellant's petition and remand for further proceedings.

The facts of Appellant's underlying convictions are not pertinent to his present appeal. The PCRA court summarized the procedural history of his case, as follows:

> On September 18, 2014, following a waiver trial, Appellant was found guilty of attempted murder, 18 Pa.C.S. § 901, graded as a felony of the first degree, aggravated assault, graded as a felony of the first degree, 18 Pa.C.S. § 2702, firearms not to be carried without a license, 18 Pa.C.S. § 6106, discharge of a firearm into

_____

[*] Retired Senior Judge assigned to the Superior Court.

[an] occupied structure, 18 Pa.C.S. § 2702.1, carrying a firearm on a public street, 18 Pa.C.S. § 6108, possessing an instrument of crime generally, 18 Pa.C.S. § 907, simple assault, 18 Pa.C.S. § 2701, and recklessly endangering another person, 18 Pa.C.S. § 2705. On December 18, 2015, this [c]ourt imposed an aggregate sentence of eight to twenty years' incarceration.

Appellant filed a timely motion for reconsideration of sentence[,] which was denied on April 13, 2015. Appellant thereafter filed a notice of appeal to the Superior Court. On July 25, 2016, the Superior Court affirmed the judgment of sentence. *Commonwealth v. Spann*, 154 A.3d 868 (Pa. Super. 2016) ([unpublished memorandum]) (re-argument denied 9/30/16). Appellant thereafter filed a petition for allowance of appeal to the Supreme Court[,] which was denied on March 15, 2017. *Commonwealth v. Spann*, 169 A.3d 12 (Pa. 2017) (Table).

On February 27, 2018, Appellant filed a petition under the … [PCRA]. Counsel was appointed to represent him and[,] on July 10, 2018, counsel filed an amended petition alleging that prior counsel was ineffective for not perfecting Appellant's direct appeal [and for failing to present alibi testimony]. On June 11, 2019, this [c]ourt, having carefully reviewed the record, determined that Appellant's claim[s] lacked merit and sent Appellant a Pa.R.Crim.P. 907 notice of [its] intent to dismiss. On July 23, 2019, this [c]ourt dismissed Appellant's petition without a hearing. Appellant thereafter filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) Statement.

PCRA Court Opinion (PCO), 12/23/19, at 1-2 (unnecessary capitalization omitted). The PCRA court filed its Rule 1925(a) opinion on December 23, 2019.

Herein, Appellant states one issue for our review: "Did the [PCRA] court err in dismissing [Appellant's] [PCRA p]etition, without a hearing, where [Appellant] raised material issues of fact alleging ineffective assistance of counsel?" Appellant's Brief at 4. In the Argument section of his brief, however, Appellant divides this issue into two, distinct claims, which we

reorder for ease of disposition: (1) "Trial counsel was ineffective for failing to perfect Appellant's direct appeal[,]" *id.* at 15; and (2) "Trial counsel was ineffective for failing to call the alibi witness at trial[,]" *id.* at 11.

We begin by noting that, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Appellant first claims that his trial counsel was ineffective for filing a Rule 1925(b) statement that was too vague to facilitate review of the two issues raised therein, and by also failing to include the transcripts in the certified record. Based on counsel's errors, this Court deemed both of Appellant's claims waived on appeal. *See Commonwealth v. Spann*, No. 1314 EDA 2015, unpublished memorandum at 3 (Pa. Super. filed July 25, 2016). Appellant insists that counsel could have had no reasonable basis for his errors, and that because Appellant "was completely deprived of appellate review due," we must presume he was prejudiced under the reasoning of *Commonwealth v. Halley*, 870 A.2d 795 (Pa. 2005). Appellant's Brief at 15. We agree.

In *Halley*, our Supreme Court held "that the failure to file a Rule 1925(b) statement on behalf of a criminal defendant seeking to appeal his conviction and/or sentence, resulting in a waiver of all claims asserted on direct appeal, represents the sort of actual or constructive denial of assistance of counsel falling within the narrow category of circumstances in which prejudice is legally presumed." *Id.* at 801. Regarding situations in which a Rule 1925(b) statement is filed, but the statement is later alleged to have omitted meritorious issues, the *Halley* Court explained that,

> it is well established that the decision whether to presume prejudice or to require an appellant to demonstrate actual prejudice turns on the magnitude of the deprivation of the right to effective assistance of counsel. As we observed in [*Commonwealth v.*] *Lantzy*, [736 A.2d 564 (Pa. 1999),] the failure to perfect a requested direct appeal is the functional equivalent of having no representation at all. *Id.* at … 571. The

difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption in the more extreme instance. Furthermore, the limiting principle arising from the recognition of such difference in degree addresses the Superior Court's concern that the presumption should not extend to every circumstance in which a defendant may claim no effective appeal.

*Halley*, 870 A.2d at 801 (some citations omitted).

In this case, the PCRA court concluded that, "[a]lthough [Appellant's] issues were deemed waived, the Superior Court reviewed his case, satisfying his right to appellate review." PCO at 9 (citing *Commonwealth v. Grosella*, 902 A.2d 1290, 1293-94 (Pa. Super. 2006) (concluding that the reinstatement of direct appeal rights *nunc pro tunc* was not the proper remedy, where the petitioner was not entirely denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived)). Thus, the court determined that Appellant had to demonstrate actual prejudice from counsel's waiver of his issues on direct appeal, and that Appellant had failed to meet this burden for the reasons set forth in its Rule 1925(a) opinion filed during the pendency thereof. *Id.* at 9.

The PCRA court's decision is erroneous for two reasons. First, *Grosella* is distinguishable because here, *all* of Appellant's direct appeal issues were waived by counsel's inadequate Rule 1925(b) statement. Second, shortly after the PCRA court filed its opinion in this case, our Supreme Court decided *Commonwealth v. Parrish*, 224 A.3d 682 (Pa. 2020), holding that an attorney's "filing of a vague Rule 1925(b) statement, which has completely

- 5 -

forfeited [the a]ppellant's right to appellate review of all of his … claims, constitutes ineffective assistance of counsel *per se*." ***Id.*** at 701-02. Unquestionably, under ***Parrish***, trial counsel's vague Rule 1925(b) statement in this case constitutes ineffectiveness *per se*. Counsel further compounded that error by failing to ensure that the certified record contained the trial transcripts. Therefore, we vacate the PCRA court's order denying Appellant's petition, and remand for the court to grant the reinstatement of his direct appeal rights *nunc pro tunc*. The court shall also dismiss Appellant's claim that his counsel acted ineffectively by not calling an alibi witness, without prejudice to Appellant's right to raise that claim on collateral review after his judgment of sentence becomes final. ***See Commonwealth v. Miller***, 868 A.2d 578, 580 (Pa. 2005) (explaining that when a PCRA court grants a request for reinstatement of direct appeal rights *nunc pro tunc*, it should end its inquiry there and not address other claims presented in the petition).

Order vacated. Case remanded for the reinstatement of Appellant's direct appeal rights *nunc pro tunc*. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/21