J-S33039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ALISHA GAMBRELL | : | |
| Appellant | : | No. 2218 EDA 2019 |

Appeal from the PCRA Order Entered July 15, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014053-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ALISHA GAMBRELL | : | |
| Appellant | : | No. 2219 EDA 2019 |

Appeal from the PCRA Order Entered July 15, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015283-2012

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED AUGUST 14, 2020**

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant Alisha Gambrell appeals from the Order entered in the Court of Common Pleas of Philadelphia County on July 15, 2019, denying as untimely her second petition filed pursuant to the Post Conviction Relief Act.[1] We affirm.[2]

The PCRA court set forth the relevant factual and procedural history herein as follows:

FACTUAL HISTORY

In regards to CP-51-CR-0014053-2012, on January 31, 2012, at six-thirty in the evening Philadelphia Police officers responded to a radio call for a person with a weapon at the Dynamic Dollar Store. N.T. 1/17/2013 at 5. When police arrived, [Appellant] claimed she was assaulted by the store manager ("Complainant"). Id. Upon viewing the surveillance video, the police placed [Appellant] under arrest. Id. Later when police interviewed Complainant, he stated that [Appellant] was shopping with her nine year-old daughter when [Appellant] took a wallet from the store and put it inside her purse, then switched the belongings from her old wallet into the stolen wallet. Id. The Complainant approached [Appellant] and asked if she was going to pay for the wallet. Id. At this point [Appellant] denied taking anything and became more aggressive and eventually left the store. Id. at 6. [Appellant] returned a few minutes later and continued to yell at Complainant. Id. [Appellant] started knocking over displays and merchandise. Id. [Appellant] then grabbed Complainant by the collar and began pulling him toward the front of the store. Id. [Appellant] punched Complainant in the face knocking off his glasses. Id. Complainant then punched [Appellant] who then let Complainant go. Id. [Appellant] then left the store for the second time. Id.

[Appellant] was arrested and charged with Aggravated Assault, Criminal Mischief-Tampering with Property, Possession Instrument of a Crime with Intent, Simple Assault, Recklessly

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] In a *Per Curiam* Order entered on October 31, 2019, following consideration of Appellant's criminal docketing statements and review of the trial court dockets, this Court consolidated the above-captioned appeals *sua sponte*. **See** Pa.R.A.P. 513; Pa.R.A.P. 2138.

Endangering Another Person, Harassment-Subject Other to Physical Contact, Retail Theft, Terroristic Threats with Intent to Terrorize Another, and Criminal Mischief.

In regards to CP-51-CR-0015283-2012, on November 10, 2012, Complainant and his brother were in Room 706 of the Criminal Justice Center for the purposes of testifying against [Appellant]. N.T. 05/23/2013 at 8. While in the courtroom, the Complainant heard [Appellant] refer to him and his brother using profanity. Id. The Complainant then went and sat on the other side of the courtroom but again heard [Appellant] state "P***y, I'll see you outside again. I know where you at." Id. at 9. The Complainant stated [Appellant] was verbally abusive, referring to them as mother f***ers and heard [Appellant] speak of the store the Complainant owns, the Dynamic Dollar where the assault occurred. Id. The Complainant stated he felt scared and threatened by [Appellant] while inside the courtroom. Id. As a result of this incident, [Appellant] was arrested and charged with Retaliation Against Witness or Victim, Intimidation of Witness or Victim, and Harassment.

PROCEDURAL HISTORY

On January 17, 2013 [Appellant] pled guilty to one (1) count Terroristic Threats with Intent to Terrorize Another (18 Pa. C.S.A. § 2708 §§A1); one (1) count Possession of an Instrument of Crime (18 Pa. C.S.A. §907 §§A); and one (1) count Simple Assault (18 § 2701 §§A). On May 23, 2013 Defendant entered into a negotiated guilty plea to one (1) count Retaliation Against Witness or Victim (18 § 4953 §§A); and one (1) count Harassment (18 § 2709 §§A4). [Appellant] was sentenced to the above charges to time served to twenty-three (23) months incarceration and five (5) years' probation. Defendant did not pursue a direct appeal. On June 1, 2015 [Appellant] filed a PCRA petition, alleging that trial counsel was ineffective for failing to inform her of the collateral consequences of her guilty pleas, specifically their effect on her nursing license. On May 6, 2016 [Appellant's] PCRA was denied because it was time barred by statute. On the same day, [Appellant] filed an appeal to the Superior Court. On February 23, 2017, the Superior Court affirmed the denial of Defendant's petition. See 1419 EDA 2016. [Appellant] then filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied on July 25, 2017.

On October 16, 2018, [Appellant] filed a second PCRA petition, alleging that her plea was not knowing, intelligent, or

voluntary. On January 25, 2019, [Appellant] filed an amended PCRA petition, again alleging that her plea was not knowing, intelligent, or voluntary because trial counsel specifically informed her that she would not suffer any loss of employment from being a Certified Nurse's Assistant if she pled guilty to the charges at issue. On July 15, 2019, this [c]ourt denied the petition as untimely. [Appellant] subsequently filed a Motion for Reconsideration of PCRA Denial, which this [c]ourt denied on July 31, 2019. [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania on August 2, 2019. On August 6, 2019, this [c]ourt issued an order pursuant to Pa.R.A.P 1925(b), requiring [Appellant] to file a Concise Statement of Matters Complained of on Appeal within twenty-one days. Defendant filed a Concise Statement on August 12, 2019.

Trial Court Opinion, filed 9/30/19, at 1-3.

On August 5, 2019, Appellant filed her concise statement of matters complained of on appeal, and on September 30, 2019, the trial court filed its Opinion pursuant to Pa.R.A.P. 1925(a). In her brief, Appellant presents the following questions for this Court's Review:

> 1. Whether the Appellant [] was subjected to the layered ineffectiveness of all three (3) of the attorneys who represented her in this matter, advised her to plead guilty to one (1) count of retaliation against a witness or victim (18 Pa.C.S.A. Section 4953) and filed no request to withdraw that plea or appeal, thereby causing her to become disqualified from working as a registered nursing assistant (RNA) for the rest of her life; all those attorneys had to do was to contact the Appellant's employer or referral agency, Nursing Care Services, Inc. find out from that agency which offense the Appellant would need to avoid a conviction for, negotiate with the District Attorney's Office so that she would not be convicted of that offense in exchange for her conviction on all other charges or go to trial and seek an acquittal on that one Offense if the Commonwealth would not negotiate. Neither [Appellant's] trial attorney (Mary Maran, Esquire), nor her PCRA Attorney (Christopher Montoya, Esquire), nor her appellate attorney (Daniel Alvarez, Esquire) sought to have the Appellant's charge on the offense of retaliation against a witness or victim withdrawn, and so [Appellant] was disqualified from ever working

- 4 -

as an RNA again or continuing on with her studies to become a licensed practical nurse.

2. Whether the filing of the Appellant's second PCRA Petition, appealed herein, was untimely when the news that [Appellant's] trial attorney, her PCRA attorney and her appellate attorney all failed to simply contact, or appeal the failure to contact, Nursing Care Services, Inc. prior to the Appellant's guilty plea and sentencing to find out that she needed to avoid a conviction for retaliation against a witness or victim in order to continue to work as a registered nurses assistant (RNA). The news of that failure was after discovered evidence found out by the Appellant and acted upon with the filing of her second PCRA Petition.

Brief for Appellant at 4-5.

Appellant argues that the instant PCRA petition contains facts which were unknown to Appellant due to "layered ineffectiveness" of all three of Appellant's previous counsel because her present counsel brought them to her attention. Brief for Appellant at 13. Specifically, Appellant avers prior counsel failed to contact Appellant's employer or referral agency, Nursing Care Services, Inc., to find out which offense she must avoid in her plea negotiations, in order to continue to work as a registered nursing assistant (RCN). *Id*. at 10. Appellant contends that she would be willing to testify under oath that she informed her trial attorney she did not want to plead guilty if she were to lose her job, an prior counsel's failure to pursue this they of relief for her entitles her to relief herein.

When dismissing Appellant's first petition as untimely wherein she sought relief on the grounds that trial counsel had failed to properly inform

her of the employment consequences of her guilty plea, this Court previously stated the following:

> Following our review, we discern no basis to upset the PCRA court's determination that the instant petition was not timely filed. Specifically, we conclude that Appellant's allegation that she discovered the adverse effects of her plea were waived and, in any event, would not alter the underlying determination that Appellant failed to plead a PCRA time-bar exception.
>
> The standard for reviewing an order dismissing a PCRA petition is whether the PCRA court's determinations are supported by the evidence of record and are free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).
>
> It is well-settled that the timeliness of a PCRA petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a PCRA petition must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, a timeliness exception under 42 Pa.C.S. § 9545(b)(1)(i), (ii), or (iii).[8] 42 Pa.C.S. § 9545(b)(1). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See*** 42 Pa.C.S. § 9545(b)(2); ***Hernandez***, 79 A.3d at 652.
>
> Under Section 9545(b)(1)(ii), the petitioner must establish that the facts upon which the claim are predicated were unknown to her and that she could not have ascertained the facts earlier despite the exercise of due diligence. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270 (Pa. 2007). The determination of timeliness does not require a merits analysis. ***Id.*** at 1271. However, the exception to the PCRA's time bar must be pleaded in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a).
>
> Instantly, Appellant's May 23, 2013 judgment of sentence became final on Monday, June 24, 2013, when the thirty-day period for filing an appeal to this Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3); ***see also*** 1 Pa.C.S. § 1908; Pa.R.A.P. 903(a). Thus, Appellant had until June 24, 2014 to file a facially timely PCRA petition. Because Appellant filed the instant petition on June 1, 2015, Appellant bore the burden of pleading and proving that one

of the enumerated exceptions applied. ***See Hernandez***, 79 A.3d at 652.

Although Appellant first claims that she became aware of the collateral consequences of her plea when she was terminated as a certified nursing assistant in October 2013, she did not present this information to the PCRA court in the first instance. To the contrary, Attorney Montoya's amended petition asserted that Appellant was "unaware of the impact on her certification until on or around August 2014," and did not include the attachments presented to this Court. ***See, e.g.***, Am. PCRA Pet. at 2. Moreover, Appellant was present at the May 6, 2016 conference regarding her petition and did not offer this information. Thus, Appellant has waived this claim as a basis for relief. ***Burton***, 936 A.2d at 525; ***see also*** Pa.R.A.P. 302(a).

In any event, the allegation that Appellant was terminated as a certified nursing assistant in October 2013, based on her conviction, belies her second argument that she acted diligently. Because Appellant was terminated as a certified nursing assistant, she was placed on notice that her conviction could affect her plans to become a licensed practical nurse. Moreover, as the PCRA court observed, the fact that a nursing candidate must submit to criminal background checks and could be adversely affected by a conviction is a matter of regulation and may be readily discovered. In light of the foregoing, we conclude that Appellant cannot demonstrate due diligence when discovering information that her conviction could result in the termination of her employment as a certified nursing assistant or hamper her advancement in nursing. Thus, no relief is due.

***Commonwealth v. Gambrell***, 2017 WL 716009, at *3–4 (Pa.Super. filed Feb. 23, 2017) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 25, 2017. ***See Commobwealth v. Gambrell***, 642 Pa. 105, 161 A.3d 387 (2017).

Herein, Appellant herein attempts to refashion her previously unsuccessful arguments pertaining to her guilty plea in a second effort to overcome the PCRA time bar by incorporating allegations of all prior counsels' ineffectiveness. However, our Supreme Court has held:

> it is well-settled that a PCRA petitioner cannot obtain review of claims that were previously litigated by presenting new theories of relief, including allegations of ineffectiveness, to relitigate previously litigated claims. ***Commonwealth v. Bracey***, 795 A.2d 935, 939 & n. 2 (Pa. 2001); ***Commonwealth v. McCall***, 567 Pa. 165, 786 A.2d 191, 195–96 (2001); ***Commonwealth v. Copenhefer***, 553 Pa. 285, 719 A.2d 242, 253 (1998).

***Commonwealth v. Bond***, 572 Pa. 588, 598–99, 819 A.2d 33, 39 (2002).

Moreover, our Supreme Court has stated that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000). Therefore, because Appellant's instant PCRA petition was untimely and he did not plead or prove an exception to the time-bar, we cannot address the merits of his claims.

Based upon the foregoing, the PCRA court did not err in dismissing Appellant's petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/20